## Dalbey's Estate.

Argued March 29, 1937. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*W. Robert Thompson*, with him *Ambrose Bradley*, of *Thompson & Bradley*, for appellant.

*J. I. Hook*, of *Scott & Hook*, for appellees, was not heard.

OPINION BY MR. CHIEF JUSTICE KEPHART, May 17, 1937:

The facts show that in 1926 decedent, John W. Dalbey, executed a will which he kept along with other papers in a small wooden box in his house. He always had free access to the box up to his death. When he died neither this will nor any other could be found, and an administration was raised on his estate. His widow endeavors to have a copy of the 1926 will probated.

The court below properly held that the execution and contents of the lost will had each been satisfactorily proved by two competent witnesses as required by law: see *Harrison's Estate*, 316 Pa. 15, 18. The fact that decedent's widow, who was one of the two witnesses called to prove its contents, was substantially the sole beneficiary under it did not disqualify her absolutely as a witness for this purpose. Under the common law rule formerly in force in this state a devisee or legatee of a will was totally incompetent to testify. In *Harding v. Harding*, 18 Pa. 340, this court held that the signature of a subscribing witness, who was a devisee, could not be proved in support of execution, since the devisee would himself have been incompetent. This rule was abrogated by the Act of May 23, 1887, P. L. 158, Sec. 4, in accord with the more modern viewpoint, which recognizes the probative value of such testimony as outweighing the danger of perjury, and limits the effect of the witness' interest to the question of credibility.* While

---

* At early common law pecuniary interest of a witness in the outcome of a controversy operated as an absolute disqualification, but the rule has been gradually relaxed by decisional and statutory inroads, so that to-day the weight of authority holds that such in-

Section 5(e) excludes the testimony of a witness whose interest is adverse to the interest of a decedent in an action concerning it, there is the following exception, among others: ". . . unless the issue or inquiry be devisavit vel non, or be any other issue or inquiry respecting the property of a deceased owner, and the controversy be between parties respectively claiming such property by devolution on the death of such owner, in which case all persons shall be fully competent witnesses." This enactment renders competent all witnesses in disputes involving the testamentary disposition of property regardless of any interest possessed by them in the particular decedent's property. In *Frew v. Clarke,* 80 Pa. 170, this court held that a legatee was competent to prove execution of the will under which he was to take, stating at p. 179: "To deny this, is to disregard the specific terms of the act, and to refuse to give effect to the language cited. It was, therefore, held in *Bowen v. Goranflo,* 23 P. F. Smith [73 Pa.] 357, that one who was a party to the issue and both executor and devisee under the will in controversy, was a competent witness." See also *Patterson v. Shrader,* 12 W. N. C. 429. This rule is in keeping with the modern tendency to admit all testimony having a direct bearing on issues involved, notwithstanding the witness' interest, which reflects only on his credibility. This is especially true where other evidence is at times unavailable, as is frequently the case in litigation of this character, when those related to the testator are the only ones who have knowledge of the circumstances surrounding the execution of his will and the contents thereof. Furthermore, irrespective of any feeling one may have concerning the merits or dangerous potentialities of such a policy, it is

---

terest does not render the witness incompetent to testify but merely is to be considered in determining his credibility: see Wigmore on Evidence, Vol. 1 (2d ed.) Sec. 576; Page, on Wills, Vol. 1 (2d ed.) Sec. 301; *People v. Arcega,* 193 Pac. 264 (49 Cal. App. 239); *Leighton v. Leighton,* 194 N. W. 276 (196 Iowa 1191).

incumbent upon this court to enforce the express legislative rule.

The evidence here fell short of the necessary proof to rebut the presumption that decedent, during his lifetime, voluntarily revoked the will attempted to be set up: *Weber's Estate,* 268 Pa. 7; *Fallon's Estate,* 214 Pa. 584; *Gardner's Estate,* 164 Pa. 420; *Foster's Appeal,* 87 Pa. 67.

The evidence required to overcome the presumption of revocation of a lost will must be positive, clear and satisfactory: *Michell v. Low,* 213 Pa. 526, 534. Appellant failed to meet this burden. The strongest evidence to support the continued existence of his will was certain declarations made by decedent to friends that he had left everything to his wife except two or three dollars. These statements were made at least three days before he died. In the interval decedent and his wife were alone in the house; he was mentally and physically able of availing himself of the opportunity afforded to revoke the will. Under such circumstances the presumption of revocation remains as a bar to probate of the alleged will.

Appellant relies mainly on *Glockner v. Glockner,* 263 Pa. 393, and *Gfeller v. Lappe,* 208 Pa. 48. In the former, the evidence showed the decedent had no opportunity to destroy his will in the interval between his declarations indicating its existence and his death; and, in the latter, the testator made statements almost up to the day of his death that he had provided for proponent by will, which were reinforced by admissions of those interested in the destruction of the will that they had destroyed it. In both these cases the quantity and quality of the evidence far exceeded that produced in the instant case.

Decree affirmed, costs to be paid by the estate.