413 F.2d 120
 Marie Valeria DUVERGEE
v.
Eunice SPRAUVE, Petitioner for Admission of Will to Probate and for Letters Testamentary In the Matter of the Estate of Henry Adolph Duvergee, Deceased.
Eunice Sprauve, Appellant.
In the Matter of the ESTATE of Henry Adolph DUVERGEE, Deceased.
Eunice Sprauve, Appellant.
 No. 17404.
 No. 17405.
 United States Court of Appeals Third Circuit.
 Argued January 29, 1969.
 Decided June 20, 1969.
 
 George H. T. Dudley, Charlotte Amalie, V. I., for appellant.
 William W. Bailey, Bailey, Wood & Rosenberg, Charlotte Amalie, V. I., for appellee.
 Before MARIS, VAN DUSEN and ALDISERT, Circuit Judges.
 OPINION OF THE COURT
 MARIS, Circuit Judge.
 
 
 1
 These appeals by Eunice Sprauve are from a single judgment entered in the District Court of the Virgin Islands in two proceedings which involve the same subject matter and the same parties.
 
 
 2
 On May 18, 1967 Eunice Sprauve filed a petition in the District Court at Probate No. 23-1967, Division of St. Thomas and St. John, for the probate as the will of Henry Adolph Duvergee of an unsigned copy of a paper purporting to be his will. Under the provisions of this paper, all of Adolph Duvergee's property, real and personal, was bequeathed to his stepson, P. Quentin Canton, and Mrs. Eunice Sprauve was appointed executrix. The petition also sought the grant of letters testamentary to Mrs. Sprauve. At the same time an inventory was submitted by Mrs. Sprauve showing the sole asset of the estate to be real property located at No. 71B Queen Street, King's Quarter, in the town of Charlotte Amalie, valued at $4,118.00.
 
 
 3
 Thereafter on July 26, 1967 Marie Valeria Duvergee filed an opposition and answer to the petition, will and inventory and a cross-petition. In this pleading she asserted that the paper offered as the will of Henry Adolph Duvergee was of no force or effect on the ground that the absence of the original will was proof of its destruction by the decedent; that she was the daughter of the decedent and as such entitled, in the absence of a valid will, to inherit his property; that neither Eunice Sprauve nor P. Quentin Canton were legal heirs or blood relatives of her father and that it was well known that she was such; that the inventory filed was incorrect in that her father upon his death also owned personal property of great value. Her cross-petition sought an accounting from the petitioner of the personal property of the decedent as well as the rents and income received from his real property since his death, and prayed for a judgment declaring her the sole lawful heir to the estate of her father. Annexed to this document was a copy of a certificate of baptism issued by Sts. Peter and Paul Church, St. Thomas, certifying that Maria Valeria Devisier, child of Adolph Devisier and Emilia Johannes, born on December 19, 1888, was baptized on January 20, 1889, according to the Rite of the Roman Catholic Church.
 
 
 4
 On the same day an identical copy of the opposition, answer and cross-petition of Marie Valeria Duvergee, which was denominated a declaration of contest, was filed in the District Court at Civil Action No. 245-1967, Division of St. Thomas and St. John.
 
 
 5
 Why this duplicate filing of the document took place is difficult to understand since under Rule 24 of the Rules of the District Court it is clear that the declaration of contest is to be filed, heard and determined in the probate proceeding and not in a separate civil action. It is true that the rule requires the declaration to be answered by the proponent of the will in the same manner and within the same time as a complaint in a civil action must be answered and that the contest must be calendared and heard in the same manner as a civil action. But this merely serves to emphasize the fact that the will contest is to be conducted in the probate proceeding into which, for this purpose, certain provisions of the procedure for ordinary civil actions are to be imported.
 
 
 6
 The proceeding thus begun in duplicate came on for a single hearing before the District Court on April 23, 1968. Although no answer had been filed to the declaration of contest in either proceeding, even though more than eleven months had elapsed, Miss Duvergee, the contestant, did not take advantage of the default but proceeded to trial on the issue whether the paper offered by Mrs. Sprauve, the proponent of the will, was entitled to be admitted to probate as the will of Henry Adolph Duvergee. The evidence offered by the proponent at the hearing tended to prove the following facts:
 
 
 7
 The will, a copy of which had been offered for probate, had been drafted in duplicate by Jorge Rodriguez, Esquire, the decedent's attorney. The original copy was signed by the decedent on September 14, 1948 in his home in Charlotte Amalie in the presence of two attesting witnesses. By that will the decedent appointed Mrs. Eunice Sprauve to serve as executrix of his estate and he bequeathed all his property, real and personal, to his stepson, P. Quentin Canton.[1] Mr. Rodriguez marked an "/s/" on the duplicate copy of the will at the place prepared for the signature of the testator, the two witnesses signed the attesting clause, and he retained this copy for his files. Mr. Rodriguez took the executed will to a bank and, after having revenue stamps affixed, returned to the decedent's home, handed the will to the decedent, and never saw the will again. The decedent died on January 10, 1951. About a week later, Mrs. Sprauve went through the decedent's personal belongings, including a safe in which he had kept his important papers, but did not find any will. In 1959 or 1960 she learned that the decedent had made a will. She spoke to Mr. Rodriguez about it and he gave her the copy which he had in his possession. There was a conflict in the testimony as to whether Mr. Rodriguez gave Mrs. Sprauve the carbon copy of the will or a photographic copy. In any event, it was the photographic copy which she offered for probate as the will of the decedent.
 
 
 8
 Relying on the presumption of revocation to which we are about to refer, counsel for Miss Duvergee offered no evidence but moved instead to dismiss the proponent's petition. The District Court found from the evidence that the alleged will of Adolph Duvergee was last known to be in his possession but was not found among his personal papers or effects upon his death and concluded that since it must, therefore, be presumed that he destroyed it with the intention of revoking it, the petition for probate of the copy should be dismissed on its merits. Judgment was accordingly entered on June 5, 1968 dismissing Probate No. 23-1967 on its merits. The judgment also granted the contestant's cross-petition and entered judgment in her favor in Civil Action No. 245-1967 with costs and a reasonable attorney's fee. From this judgment the proponent, Mrs. Sprauve, appealed in each proceeding.
 
 
 9
 We consider first that portion of the judgment granting Miss Duvergee's petition and entering judgment in her favor in Civil Action No. 245-1967 and conclude that it must be vacated in its entirety. As we have seen, the proceeding in Civil Action No. 245-1967 was a meaningless and wholly useless duplication, not authorized by statute or rule of court, of the will contest proceeding properly instituted in the Probate proceeding, No. 23-1967, by the filing therein of the contestant's opposition, answer and cross-petition. Insofar as the judgment relating to Civil Action No. 245-1967 sustained the contestant's objections to the probate of the paper offered for probate by Mrs. Sprauve it was a mere duplication of the portion of the judgment dismissing on the merits Mrs. Sprauve's petition filed in Probate proceeding No. 23-1967. And insofar as the judgment relating to Civil Action No. 245-1967 granted the other prayers of Miss Duvergee's cross-petition, it was erroneous since those prayers were not at issue, were not being pressed by her at the hearing and no evidence was offered in support of them. Nor did the court make any findings or state any conclusions with respect to them or even describe the nature of the relief which the judgment was intended to grant. It may well be that in the probate proceeding relating to the estate of Henry Adolph Duvergee, deceased, No. 23-1967, these prayers of Miss Duvergee's cross-petition may hereafter be heard and decided. The dismissal of the proceedings in Civil Action No. 245-1967 will accordingly be without prejudice.
 
 
 10
 We turn then to the merits of Mrs. Sprauve's appeal from the judgment holding that the copy of the decedent's will offered by her was not entitled to probate and dismissing her petition. The appellant's contention is that a properly identified copy of an alleged lost will is sufficient evidence to prove proper execution and the contents of the original will and that, accordingly, the district court erred in rejecting the document which she sought to have established as the will of the decedent. The contestant argues that the rule with respect to a lost will is not applicable to the facts of this case. We agree. It is true that in a proceeding for the probate of a lost will, when the will has been placed in the custody and control of a third person and it cannot be found among the effects of that person, no presumption of revocation by the testator arises from the failure to find it.[2] But there was no evidence in this case that the will was ever placed in the custody of a third person. On the contrary, the evidence produced by Mrs. Sprauve, the proponent of the will, was that it was last seen in the custody of the testator.
 
 
 11
 It is a well settled principle that if a will or codicil known to have been in existence during the testator's lifetime, and in his custody, or in a place where he had ready access to it, cannot be found at his death, a presumption arises that the will was destroyed by the testator in his lifetime with the intention of revoking it, and in the absence of rebutting evidence, this presumption is sufficient to justify a finding that the will was revoked. In order to rebut this presumption, the burden is on the proponent of the will to establish by clear, satisfactory and convincing evidence that there is no possibility that the will was destroyed by the testator.[3] This burden Mrs. Sprauve, the proponent of the will in this case, failed to carry. The district court, therefore, did not err in holding that the paper offered by her was not entitled to probate. The judgment which the court entered should, however, have dismissed the petition for probate and letters testamentary filed by Mrs. Sprauve rather than the entire probate proceeding.
 
 
 12
 The judgment entered by the district court in these cases will be vacated and the causes remanded with directions to enter a judgment in Civil Action No. 245-1967, Division of St. Thomas and St. John, dismissing all the proceedings in that action without prejudice and without costs, and to enter a judgment in Probate proceeding No. 23-1967, Division of St. Thomas and St. John, denying with prejudice the petition of Eunice Sprauve for the probate of the alleged will of Henry Adolph Duvergee, deceased, and for letters testamentary thereon, with costs to the contestant Marie Valeria Duvergee and an attorney's fee of $100.00.
 
 
 
 Notes:
 
 
 [1]
 It appears that in 1934 Duvergee had married the mother of Eunice Sprauve and P. Quentin Canton. Mrs. Duvergee died prior to 1948
 
 
 [2]
 See White v. Brennan, 1948, 307 Ky. 776, 212 S.W.2d 299, 3 A.L.R.2d 943, and annotation thereto, 3 A.L.R.2d 949
 
 
 [3]
 Dalbey's Estate, 1937, 326 Pa. 285, 192 A. 129; In re Jensen's Estate, 1947, 141 N.J.Eq. 222, 56 A.2d 573, aff. 142 N.J. Eq. 242, 59 A.2d 624; Gilbert v. Gaybrick, 1950, 195 Md. 297, 73 A.2d 482, 485; 3 Page on Wills § 29.139; 95 C.J.S. Wills §§ 383, 385(c); 57 Am.Jur. Wills §§ 549, 854; Annotaton, 3 A.L.R. 2d 952-957