# In re Vlah

C.P. of Lawrence County, No. 21 of 2014 O.C.

*Norman J. Barilla*, for petitioner.
*Shawn A. Sensky*, for respondent.

HODGE, *J.*, Sept. 8, 2014—Before the court for disposition is a motion in limine filed on behalf of the petitioner, Patricia A. Rosta, seeking to permit the use of testimony supporting her contention that she and the decedent, Randall M. Vlah, were common-law husband and wife. Prior to analyzing the merits of the pending motion in limine, the court will summarize the relevant procedural and factual background of these proceedings.

On January 22, 2014, the respondent, Ronald Stickle, filed a petition for letters of administration of the Estate of Randall M. Vlah. The Lawrence County Register of Wills granted respondent's request and issued letters of administration to the respondent. On February 26, 2014, the petitioner requested the court issue a Rule to Show Cause as to why an appeal from probate should not be sustained. On March 13, 2014, respondent filed an answer to the rule, and the court scheduled a hearing on the matter. Petitioner subsequently filed the instant motion in limine, wherein Petitioner requested the court permit her to introduce testimony from certain individuals regarding the decedent's relationship to the petitioner. Petitioner's motion is properly before the court for disposition.

Pennsylvania adopted the Dead Man's Act at 42 Pa.C.S.A. Section 5930, (hereinafter, the "Act"). The Act

provides:

> [I]n any civil action or proceeding, where any party to a thing or contract in action is dead, or has been adjudged a lunatic and his right thereto or therein has passed, either by his own act or by the act of the law, to a party on the record who represents his interest in the subject in controversy, neither any surviving or remaining party to such thing or contract, nor any other person whose interest shall be adverse to the said right of such deceased or lunatic party, shall be a competent witness to any matter occurring before the death of said party or the adjudication of his lunacy, unless the action or proceeding is by or against the surviving or remaining partners, joint promisors or joint promisees, of such deceased or lunatic party, and the matter occurred between such surviving or remaining partners, joint promisors or joint promisees and the other party on the record, or between such surviving or remaining partners, promisors or promisees and the person having an interest adverse to them, in which case any person may testify to such matters; or, unless the action is a possessory action against several defendants, and one or more of said defendants disclaims of record any title to the premises in controversy at the time the suit was brought and also pays into court the costs accrued at the time of his disclaimer, or gives security therefor as the court in its discretion may direct, in which case such disclaiming defendant shall be a fully competent witness; or, unless the issue or inquiry be devisavit vel non, or be any other issue or inquiry respecting the

property of a deceased owner, and the controversy is between parties respectively claiming such property by devolution on the death of such owner, in which case all persons shall be fully competent witnesses.

42 Pa.C.S.A. § 5930.

The purpose of the act is "'to prevent the injustice which might flow from permitting the surviving party to a transaction with a decedent to give testimony thereon favorable to himself and adverse to the decedent, which the latter's representative would be in no position to refute.'" *Stathas v. Wade Estate*, 380 A.2d 482, 483 (Pa. Super. 1977) (internal citation omitted). Before a witness is declared incompetent to testify under the Dead Man's Act, three conditions must exist: (1) the deceased must have had an actual right or interest in the matter at issue; (2) the interest of the witness, not simply the testimony, must be adverse to that of the decedent; and (3) a right of the deceased must have passed to a party of record who represents the deceased's interest. *Olson v. North American Industrial Supply*, 658 A.2d 358 (Pa.Super. 1995).

Petitioner and respondent both cite to the case of *In re Estate of Stauffer*, 476 A.2d 354 (Pa. 1984) to support their respective positions. Upon thorough review, this court finds the Supreme Court of Pennsylvania's holding in the *Stauffer* case to be dispositive of the issue pending before the court. In *Stauffer*, the decedent, Warren Stauffer, died on December 8, 1979, leaving a will devising his entire estate to his brother. *Id.* at 355. Bebeann O'Halloran filed an election to take against the will on the basis that she

was the wife of the decedent by way of a common-law marriage. *Id.* The sole issue at trial was whether Bebeann O'Halloran was the common-law wife of the decedent. *Id.* at 356. At trial, counsel for the estate objected to any testimony of Ms. O'Halloran that would relate to any conversation she had with the deceased prior to his death on the basis of the Dead Man's Act. *Id.* The trial judge, basing his decision upon a reading of *In re Estate of McClain*, 392 A.2d 1371 (Pa. 1978), concluded that Ms. O'Halloran was competent to testify. *Id.* Testator's putative common-law widow, after first filing a challenge to testator's will, subsequently filed an election to take against the will. *Id.* On appeal, the Superior Court affirmed the trial court's decision. *See*, 462 A.2d 750.

Decedent's brother, and sole devisee in decedent's will, appealed the matter to the Supreme Court, which held that a widow who claimed a spouse's elective share against the will of a decedent could not testify under any exception to the Dead Man's Act in order to establish her status as a common-law spouse. In its analysis, the *Stauffer* Court recognized that "the law imposes a heavy burden on one who grounds his or her claim on an allegation of common-law marriage. This is especially so where one of the parties is dead and the claim, so grounded, is to share in the distribution of the estate." 476 A.2d at 356.

The purpose of the Dead Man's Act is "to prevent the injustice which might flow from permitting the surviving party to a transaction with a decedent to give testimony thereon favorable to [her]self and adverse to the decedent, which the latter's representative would be in no position

to refute." *Id.* (quoting *Estate of Kofsky*, 409 A.2d 1358, 1359 (Pa. 1979).

Similar to the petitioner in the instant case, Ms. O'Halloran, claimed that she was competent to testify based upon the *devisavit vel non* exception to the Dead Man's Act. *Stauffer*, 476 A.2d at 356. This exception permits testimony as to the intent of a testator to be elicited from those who would otherwise be incompetent to testify under the Act. *Id.* The Stauffer Court succinctly explained that

> [i]n *Dalbey's Estate*, 192 A. 129 (Pa. 1937), we stated that the exception arises out of the usual lack of qualified testimony in litigation involving a will, the logic being that the usual beneficiaries or legatees who would be incompetent under the act are usually the only ones who have knowledge of the circumstances surrounding the execution of the testator's will and the contents thereof. *Id.* In these instances we balance the need for this testimony against its possible self-serving facet and allow the testimony to be heard, leaving the fact finder to determine credibility and weight.

*McClain*... was an attempt at overruling prior case law holding that the *devisavit vel non* exception was operable only when the interested parties were all of the same class, either all taking by devise or all taking by descent. *McClain* held that the exception was operable even where some of the parties involved were claiming by devise and some by descent. Based upon this, the lower court reasoned that [Ms. O'Halloran],

claiming by descent, could testify even though the other beneficiary was taking by devise. This arguably would be a reasonable application of *McClain* were it not for the fact that [Ms. O'Halloran] must first establish her status as a descendant before she can qualify to testify under the exception. In this respect it can be said that [Ms. O'Halloran] is *sui generis* from those situations covered under the exception, the reason being that in the instant case the testimony of the [Ms. O'Halloran] does not go directly to questions surrounding the will or the decedent's intent thereof, but rather is an attempt to establish the common[-]law marriage. It is therefore apparent that the purpose behind which we except this class and allow them to testify is not present here.

*Stauffer*, 476 A.2d at 356-357.

The *Stauffer* Court went on to state that an individual who election to take against the will on the basis that he or she is a common-law spouse of the decedent must overcome the hurdle of establishing his or her status of descent. Once this hurdle is overcome, the individual falls within the exception and becomes competent to testify. However, this burden must first be met without resort to *any exception* to the act, since at that point she is not yet within the exception. 476 A.2d at 357 (emphasis supplied).

Based upon the foregoing, it is quite clear that petitioner is prohibited from offering any statements made by the decedent, either through her own testimony or the testimony of a third party. Petitioner may offer testimony of cohabitation and reputation in the community to establish

8

that a common-law marriage existed between herself and the decedent. Specific statements made by the decedent must be excluded until the petitioner can establish her status by some other means.

Consistent with this opinion, the court will enter the following order of court:

## ORDER OF COURT

And now, this 8th day of September, 2014, with this matter being before the court for argument on petitioner's motion in limine, with Norman J. Barilla, Esquire, appearing on behalf of the petitioner, Patricia Rosta, and with Shawn A. Senksy, Esquire, appearing on behalf of the respondent, Ronald E. Stickle, and consistent with the attached opinion, the court hereby orders and decrees as follows:

1. The petitioner's motion in limine is denied.

2. The petitioner is hereby precluded from offering any evidence regarding statements made by the decedent Randall M. Vlah, in her attempt to establish a common-law marriage.

3. Further proceedings are hereby scheduled for the 18th day of November, 2014 at 10:00 A.M. in Courtroom #4 of the Lawrence County Government Center, one-half (1/2) day reserved status.

4. The prothonotary shall properly serve notice of this order of court upon counsel of record for the parties.