## W. F. COLLNER v. G. W. GREIG ET AL.

### APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS OF FOREST COUNTY.

Argued October 7, 1890—Decided November 3, 1890.

1. As between the partners themselves, land held and treated by a firm as partnership property, especially if purchased and paid for with partnership money, is to be regarded as partnership assets, notwithstanding it was conveyed to the grantees as tenants in common : Warriner v. Mitchell, 128 Pa. 153.
2. A sale by one partner, with the assent of the others, of all the interest of the former in the firm and its assets, to a third person, the purchaser to take the seller's place and interest in the firm, will pass the seller's interest in the firm's assets, including the real estate.
3. A subsequent conveyance by the outgoing partner of his interest in the real estate, without consideration, will give to the grantee no higher right than the grantor had, and will pass to him no interest in the land recoverable in ejectment against the prior purchaser.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 34 October Term 1890, Sup. Ct. ; court below, No. 17 February Term 1888, C. P.

On February 1, 1888, William F. Collner brought ejectment against George W. Greig, and T. H. B. Patterson, assignee in bankruptcy of said George W. Greig, " to enforce specific performance of an agreement for the sale of the undivided one fourth of three tracts of land situate in the township of Barnett." Mr. Patterson was not served. Subsequently, J. H. Aikin, J. W. Bartlett and D. Steiner, were given leave to appear as defendants, and pleaded not guilty. Afterward George W. Greig appeared by counsel, and pleaded not guilty.

At the trial on May 23, 1889, the plaintiff, in his case in chief, put in evidence, inter alia, an agreement under seal, dated February 10, 1873, signed by Geo. W. Greig and A. Finkbine, marked exhibit A, providing as follows :

",Whereas the firm of Richey, Finkbine & Co., formerly doing business at Point Saw Mill, Allegheny City, Pa., has been dissolved, taking effect from January 1, A. D. 1873; and whereas Finkbine of said firm has sold to Geo. W. Greig his one fourth interest in the books, lumber and business of Point Saw Mill, also his interest in the property of the firm in Jefferson and Forest counties, consisting of the real estate known as the Maple Creek property, together with saw mill, logs and lumber thereon, for the sum of fifteen thousand dollars. Now, this paper witnesses that the unpaid balance of this purchase money due said Finkbine by said Greig is twelve thousand dollars, and for this sum of twelve thousand dollars said Greig has given to Finkbine a judgment note at ten days from date upon the following conditions: That the said Greig, his heirs, executors, or assigns, shall pay the interest semi-annually on the unpaid portion of said balance, interest beginning on the first day of January, 1873; that the said Greig, his heirs, executors or assigns, shall well and truly pay to the said Finkbine, his heirs or executors, on the first day of February, A. D. 1874, the sum of four thousand dollars; also a like sum of four thousand dollars February 1, 1875, and also, if required, a like sum of four thousand dollars one year thereafter, or first day of February, 1876, with the interest as before stipulated, and without any deduction, defalcation, or abatement to be made for or in respect of any errors, charges or assessments whatsoever, then the said note shall become void and of no effect."

Decision of Court below.

The defendants' case having been partly heard, a disclaimer was filed on the part of Mr. Greig, of any possession or title in the property in controversy, at the commencement of the suit or since, under objection on the part of the plaintiff that this was not a common-law ejectment in which a disclaimer could be filed. A juror was then withdrawn, and the cause submitted by the parties to the decision of the court without a jury, after which the case was heard by the court upon the testimony yet to be adduced.

On July 30, 1889, the court, BROWN, P. J., filed a decision, finding the following facts:

David Richey, Amos Finkbine, Hunter Richey and Jehu P. Smith, were a firm engaged in lumbering under the name of Richey, Finkbine & Co. They owned and operated certain real estate in Jefferson and Forest counties, together with other properties connected with their business. They held the land in Forest county under the following deeds:

A deed dated October 7, 1867, from John G. Brandon and wife, for 118¼ acres to David Richey, Amos Finkbine, Hunter Richey and Jehu P. Smith, trading under the style or firm of Richey, Finkbine & Co., their heirs and assigns.

A deed dated October 24, 1865, from the trustees of Henry Shippen, deceased, for 745 acres and 140 perches to David Richey, Amos Finkbine, Hunter Richey and Jehu P. Smith, doing business as Richey, Finkbine & Co., their heirs and assigns.

A deed from John G. Brandon and wife dated September 27, 1867, for 80 acres and 39 perches to David Richey, Amos Finkbine, Hunter Richey, Jehu P. Smith, their heirs and assigns.

A deed dated September 27, 1867, John G. Brandon and wife for 348$\frac{9}{10}$ acres to David Richey, Amos Finkbine, Hunter Richey and Jehu P. Smith, their heirs and assigns.

The firm of Richey, Finkbine & Co. was dissolved as of date of January 1, 1873.

On February 10, 1873, Amos Finkbine, by the writing marked exhibit A, which writing is incorporated as part of the findings of fact, sold to the defendant, Geo. W. Greig, under whom the other defendants hold, his one fourth interest in the prop-

Decision of Court below.

erty of the firm of Richey, Finkbine & Co. in Jefferson and
Forest counties, consisting of real estate, together with the saw-
mills, logs and lumber thereon, for the sum of $15,000; and,
as part of this transaction, it was agreed between A. Finkbine,
Hunter Richey, D. Richey, Jehu P. Smith and Geo. W. Greig
that $3,000 of the price to be paid to Finkbine by Greig was
to be withdrawn from the assets of a new firm in the same bus-
iness, composed of D. Richey, Hunter Richey, Jehu P. Smith
and the defendant Geo. W. Greig, and charged against Greig's
share in said new firm and so paid to Finkbine; thus leaving
due from Greig to Finkbine $12,000, with the interest from
January 1, 1873, for which Greig gave a judgment note pay-
able at the times and on the terms or conditions mentioned in
the article of agreement, exhibit A., and judgment was entered
thereon in the Common Pleas of Allegheny county to No. 169
April Term 1873, which judgment was amicably revived to No.
158 of April Term 1878 (after crediting the payments before
made) at $8,000, with interest from January 30, 1878. Six
months interest on the revived judgment was paid, leaving
$8,000, with the interest from July 30, 1878, due Finkbine, and
the costs, $6.25, on the judgment.

At the time Finkbine made the sale to Greig, by the article
of agreement of February 10, 1873, exhibit A, the other mem-
bers of the firm of Richey, Finkbine & Co. knew of the sale
and assented to it, or at least so far as appears, made no objec-
tion to it.

All the lands described in the writ were purchased by the
firm of Richey, Finkbine & Co., with partnership money and
held and used as partnership property; and, when Finkbine
on February 10, 1873, sold his interest in the lands described
in the writ to Greig, he sold it as his interest in the partnership
of Richey, Finkbine & Co., and made the sale with knowledge
that David Richey, Hunter Richey, and Jehu P. Smith were to
continue the business with Greig as a copartner, under the
name of Richey, Smith & Co., and that the interest purchased
by Greig was to be Greig's contribution to the capital of the
new firm. After Greig's purchase from Finkbine, he with
Hunter Richey, David Richey and Jehu P. Smith, continued
to hold and use the lands as the partnership property of the
firm of Richey, Smith & Co.

Opinion of Court below.

On August 27, 1878, Greig was adjudicated a bankrupt; an assignee was appointed, and on October 20, 1879, the assignee settled with Hunter Richey, the surviving partner of the firm of Richey, Smith & Co., and received from him $115.98, being the amount standing to the credit of Greig in the firm of Richey, Smith & Co., and this settlement included the interest of Greig in the lands described in the writ. In the bankruptcy proceeding, and of date of October 4, 1878, Amos Finkbine proved his claim against Greig for the balance of the purchase money due him under the article of agreement, exhibit A, as an unsecured debt.

All the debts and liabilities of the firm of Richey, Finkbine & Co. were paid within one year after date of the article of agreement from Finkbine to Greig, exhibit A, viz., within one year after February 10, 1873.

On January 5, 1885, Amos Finkbine and wife deeded to the plaintiff, Collner, the undivided one fourth part of certain lands described in the deed, including the land claimed and described in the writ.

—Upon the facts thus found, the court found certain conclusions of law, and entered a decree that if no exceptions to the findings of fact or the conclusions of law were filed within thirty days after notice of the decision, the prothonotary should enter judgment in favor of the plaintiff and against the defendants, J. H. Aikin, J. W. Bartlett and D. Steiner, for the undivided one fourth part of the land described in the writ, to be released on the payment of $13,280, with interest, within six months from date, being in full of the purchase money of the land described in the writ.

To the foregoing decision, the defendants filed many exceptions. One of the exceptions to the findings of fact, alleged that the court erred " in not finding that the plaintiff, Collner, was not a bona fide purchaser for value from Amos Finkbine of the alleged balance of purchase money due on the contract," exhibit A. Other exceptions were to the conclusions of law found by the decision.

After argument of the exceptions, the court, BROWN, P. J., filed an opinion, specifically passing upon the exceptions and concluding:

Arguments.

Upon the facts found we think we erred in directing judgment to be entered in favor of the plaintiff. Without reference to the forms of the conveyances, the lands described in the writ were purchased with partnership money,' and held and used as partnership property, by the firm of Richey, Finkbine & Co. [Finkbine sold and Greig bought Finkbine's interest in the partnership of Richey, Finkbine & Co., knowing that the other members of that firm together with Greig were to continue the same business as partners under the name of Richey, Smith & Co. and that the interest purchased by Greig of Finkbine was to be Greig's contribution to the capital of the new firm. When Finkbine sold to Greig he had no specific interest in the lands as such. They had been "stamped with all the characteristics of the other assets of the firm, as to all purposes of management and control, all incidents of lien, and all qualities of title and estate." As between partners and a person who has knowingly dealt with one of them for it, it is to be treated as personal estate, belonging not to the partners individually, but to the company collectively:] [5] Kramer v. Arthurs, 7 Pa. 165. Ejectment to enforce payment of purchase money can only be sustained when the thing sold is realty. Here what Finkbine sold to Greig was personalty, and Collner has no greater rights than Finkbine.

[The order directing judgment in favor of plaintiff filed July 30, 1889, is vacated, and it is now ordered that judgment be entered in favor of the defendants.] [6]

Judgment having been entered as directed, the plaintiff took this appeal, specifying, inter alia, that the court erred:

5. In the conclusion of law embraced in [ ] [5]

6. In directing judgment to be entered for defendants.[6]

*Mr. W. L. Corbett* (with him *Mr. Don C. Corbett*) for the appellant.

Counsel cited: Ridgway's App., 15 Pa. 177; Ebbert's App., 70 Pa. 79; Jones's App., 70 Pa. 169; Geddes's App., 84 Pa. 482; Lefevere's App., 69 Pa. 122; Lauffer v. Cavett, 87 Pa. 479; Abbott's App., 50 Pa. 234; Warriner v. Mitchell, 128 Pa. 153; Shafer's App., 106 Pa. 54; Foster's App., 74 Pa. 391; Leaf's App., 105 Pa. 505.

Opinion of the Court.

*Mr. J. S. Ferguson* (with him *Mr. B. J. Reid*), for the appellees.

Other than cases cited by the appellant, counsel cited : West Hickory Ass'n v. Reed, 80 Pa. 38; Kepler v. Sav. & Loan Co., 101 Pa. 603–4; Foster v. Barnes, 81 Pa. 384; Du Bree v. Albert, 100 Pa. 487–8; Neagley's Est., 2 Pears. 309; Garner v. Cleaver, 133 Pa. 419; Commonwealth v. Contner, 18 Pa. 439; Mickle v. Miles, 31 Pa. 20.

PER CURIAM :

We are clearly of opinion that the learned judge below was right in holding that the plaintiff had no higher rights than Finkbine, his grantor. The court has found, and we think correctly, that the real estate in controversy was firm property; and, as between the members of the firm and those who dealt with them, with knowledge of the facts, it was personal estate. As to a portion of it, the deeds were in the name of the firm; as to other portions, the title was in the names of the individual members of the firm. The court below has found, however, that all of it was paid for by the firm, belonged to the firm, and was recognized and treated as firm property. It is settled law that, as against purchasers and lien creditors, dealing with the owners of land on the faith of a recorded title and without notice that it is different from what it appears of record, parol evidence is inadmissible to show that, although the land was conveyed to the grantees as individuals, yet it was held by them as partnership property; but, as between the partners themselves, land treated by them as partnership property, especially if purchased and paid for with partnership money, is to be regarded as partnership assets, notwithstanding it was conveyed to the grantees as tenants in common: its character is largely a question of intention, which may be manifested in acts and declarations, and be established by parol testimony: Warriner v. Mitchell, 128 Pa. 153, and authorities there cited. The agreement of February 10, 1873, was a sale by Finkbine, one of the partners, to Greig, of all the interest of the former in the firm and its assets. Greig was to take Finkbine's place and interest in the firm, and this was assented to by the other partners. It follows that the sale passed all Finkbine's interest in the assets of the firm, including the real estate. This

Statement of Facts.

left nothing in Finkbine to convey to any one else. The plaintiff here was not shown to have been a bona fide purchaser. There is no evidence that he paid a dollar on account of his purchase. The court below was therefore correct in ruling, as before remarked, that he occupied no higher position than Finkbine.

Judgment affirmed.

