# Rolshouse *v.* Wally et al., Appellants.

*Partnership—Presumption as to continuance of relation—Acquisition of property.*

Where a partnership is formed for the purpose of drilling oil and gas on a certain property, the relation of partnership continues between the parties in the absence of an agreement to the contrary, as respects the acquisition of additional property, acquired and used in the line of business of the partnership and developed with partnership funds, labor and material.

Argued Oct. 17, 1918. Appeal, No. 77, Oct. T., 1918, by defendant, from decree of C. P. Allegheny Co., Oct. T., 1917, No. 55, in the case of Charles O. P. Rolshouse v. W. C. Wally, William Shaffer, Emory Shaffer and Henry Keneess. Before BROWN, C. J., FRAZER, WALLING, SIMPSON and FOX, JJ. Affirmed.

Bill in equity for an accounting. Before CARNAHAN, J.

*Errors assigned* were the decree of the court in overruling exceptions to certain findings of fact and conclusions of law.

*William A. Wilson,* with him *Donald Thompson* and *George H. Calvert,* for appellants.—The declaration of a partner cannot bind the partnership: Karrick v. Han-

naman, 168 U. S. 326; Reed v. Kremer, 111 Pa. 482; Walker v. Tupper, 152 Pa. 1.

*John E. Winner,* for appellee.—Where a number of persons engage in a business enterprise and continue their operations in other business enterprises the presumption is that the old relation continues, unless a new arrangement was made: Dunham v. Loverock, 158 Pa. 197; Butler Savings Bank v. Osborne, 159 Pa. 10; Blood v. Ludlow Carbon Black Co., Ltd., 150 Pa. 1.

The fact that there is a partnership may be established by declarations of the partners: Reed v. Kremer & Co., 111 Pa. 482.

PER CURIAM, January 4, 1919:

On this appeal from a decree for an account the complaint of the appellants is that the court below erred in finding that a partnership, admittedly formed under the name of W. C. Wally & Company, for the purpose of drilling oil and gas on a certain property, continued to exist between the same parties as to other land leased by the said company for the same purpose. The second legal conclusion of the chancellor below was: "all of the parties being members of the partnership, they necessarily continued so in the absence of an agreement or understanding to the contrary, as respects the acquisition of additional property, acquired and used in the line of business of the partnership and developed with partnership funds, labor and material." On this correct legal conclusion under the facts found the appeal is dismissed, at appellants' costs.