409 A.2d 397

**In re ESTATE OF Lester L. RIDER, Deceased.**

**Appeal of Ross L. RIDER.**

Supreme Court of Pennsylvania.

Submitted Oct. 8, 1979.

Decided Dec. 21, 1979.

Ambrose R. Campana, Williamsport, for appellant.

Lester L. Greevy, Sr., Williamsport, for appellee, Williamsport National Bank, Admr.

Walter R. Rice, Jr., Williamsport, for appellee, Paul Rider.

John A. Felix, Williamsport, for appellee, auditor.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN and FLAHERTY, JJ.

## OPINION OF THE COURT

EAGEN, Chief Justice.

This is an appeal from the final decree of the Court of Common Pleas of Lycoming County, Orphans' Court Division. Appellant contests the application of the Act of May 23, 1887, P.L. 158, § 5(e), 28 P.S. § 322 (1958) [hereinafter: Dead Man's Statute][1] to his testimony in support of his claim of sole ownership of certain farm machinery, equipment and livestock. Appellant is the son of the testator, Lester Rider. Testator and appellant operated a dairy farm in partnership. Appellant claims sole ownership of the dairy herd and of farm machinery and equipment preceded by an "R" on the estate inventory.

1. The Dead Man's Statute provides in pertinent part:
 "Nor, where any party to a thing or contract in action is dead . . and his right thereto or therein has passed, either by his own act or by the act of the law, to a party on the record who represents his interest in the subject in controversy, shall any surviving or remaining party to such thing or contract, or any other person whose interest shall be adverse to the said right of such deceased . . . be a competent witness to any matter occurring before the death of said party . . . ."
 The Dead Man's Statute has been substantially re-enacted by the Act of July 9, 1976, P.L. 586, No. 142, § 2, *as amended,* Act of April 28, 1978, P.L. 202, No. 53, § 10 (75), 42 Pa.C.S.A. § 5930 (Supp.1979).

Appellant's testimonial and documentary evidence was ruled incompetent in proceedings before a special master. The special master was appointed by the lower court to ascertain the ownership of the property claimed by appellant. Appellant duly filed exceptions to the special master's report which were dismissed by the lower court. The lower court adopted the special master's report in its final decree entered on January 11, 1977. Thereafter, appellant brought this appeal.

The record reveals the following facts:

Lester Rider died testate on April 20, 1974. Testator willed his household goods and a life estate in his farm to his wife, Mazie Rider, and the residue to his sons, Paul Rider and appellant. Testator appointed his sons co-executors. Paul Rider and appellant renounced this right, and the Williamsport National Bank was appointed administrator c. t. a. on June 13, 1974. The estate of testator was inventoried and appraised in the presence of appellant. Appellant told the appraisers which items of property he owned, individually, and which items were owned by the partnership or by testator. The appraised value of the farm machinery and equipment was $45,005.00 and that of the cattle was $23,470.00.

During the proceedings before the special master, Dorothy DeWald, the accountant who prepared federal tax returns for the partnership and for appellant and testator, individually, testified that testator always supplied the information for federal tax returns; that neither testator nor appellant listed depreciable farm machinery or livestock on their individual returns; and, that neither testator nor appellant claimed all of the income from sales of livestock individually. All income from farm operations was treated as partnership income. Each partner claimed fifty percent of the partnership's profits.

Appellant testified, over objection, that he was the sole owner of the dairy herd and sole owner of farm equipment and machinery listed on the estate inventory preceded by an "R." Paul Rider's attorney objected to appellant's testimo-

ny on the ground that appellant, as a survivor of the partnership, claimed an interest adverse to the estate and was, therefore, incompetent under the Dead Man's Statute. The testimony of appellant was admitted subject to a ruling by the special master on the Dead Man's Statute objection. The objection was later sustained.

In essence, appellant argues that the Dead Man's Statute is inapplicable because the estate failed to prove that it had an interest in the disputed property and that the lower court erred in not permitting appellant to prove sole ownership of the disputed property, by cancelled checks and invoices, prior to the application of the Dead Man's Statute.

 The law of incompetency under the Dead Man's Statute, pertinent to this case, is well-settled. The party challenging the competency of a witness has the burden of proving incompetency. *In re Estate of McFetridge,* 472 Pa. 546, 550, 372 A.2d 823, 825 (1977). In order to be disqualified as a witness under the Dead Man's Statute, three conditions must be proved: (1) the deceased must have had an interest in the matter at issue, i. e., an interest in the immediate result of the suit; (2) the interest of the witness must be adverse; and, (3) a right of the deceased must have passed to a party of record who represents the deceased's interest. *In re Estate of McFetridge,* supra; *Moore Estate,* 439 Pa. 578, 582, 266 A.2d 641, 643 (1970); *Pronzato v. Guerrina,* 400 Pa. 521, 530, 163 A.2d 297, 301 (1960); *Pavlinko Estate,* 399 Pa. 536, 544, 160 A.2d 554, 558 (1960); *Hendrickson Estate,* 388 Pa. 39, 45, 130 A.2d 143, 146–147 (1957).

 Instantly, appellant does not dispute the proof of the latter two conditions. Appellant contends, however, that testator had no interest in the disputed farm machinery, equipment and cattle. We cannot agree. Actual interest of the testator need not be proved. Proof of a prima facie interest is sufficient. *Whitenight v. Whitenight,* 444 Pa. 32, 34, 36, 278 A.2d 912, 914 (1971); *Hendrickson Estate,* supra, 388 Pa. at 46, 130 A.2d at 147; *In re Maule Estate,* 29 Som.L.J. 249, 252 (Com.Pleas 1974). The record reveals that testator had an interest in the disputed property as a partner because the property was prima facie partnership property.

The question of whether specific property is partnership property is largely a question of intention. *Collner v. Greig,* 137 Pa. 606, 612, 20 A. 938 (1890); *Warriner v. Mitchell,* 128 Pa. 153, 161, 18 A. 337, 338 (1889); *Jakubowski v. Shingara,* 28 Northum.L.J. 43, 47–48 (Com.Pleas 1956). Furthermore, property acquired after the establishment of a partnership is partnership property so long as it is acquired and used in the line of business of the partnership and developed with partnership funds, labor and material. *Rolshouse v. Wally,* 263 Pa. 247, 248, 106 A. 227, 228 (1919). Finally, the Act of March 26, 1915, P.L. 18, part II, §§ 8 and 25, 59 P.S. §§ 13(1) and 72(1) (1964)[2] provide, respectively, that property originally brought into the partnership stock or subsequently acquired by purchase on account of the partnership is partnership property and that a partner is considered a co-owner of partnership property.

Instantly, appellant and testator were undisputedly partners. Appellant testified he added his cattle to testator's and, thereafter, conducted a dairy farm in partnership with testator. Appellant does not dispute that income from the dairy farm was distributed on a partnership basis (which includes income produced through use of the disputed property); that he never objected to receiving only fifty percent of the profits from sales of cattle even though he now claims sole ownership of the cattle; that he claimed only fifty percent of such profits as income on his individual federal tax returns; that the disputed farm equipment and machinery was depreciated on a partnership basis and not listed on individual federal tax returns; that partnership funds were used to purchase feed for the cattle; and, finally, that both partners worked on the farm. Thus, the record reveals appellant and testator treated the disputed property as partnership property. Partnership funds and labor were used to maintain the cattle which were used in the dairy farm business. The dairy herd consisted of cattle contributed by both testator and appellant. This evidence is suffi-

2. The Act of March 26, 1915 has been re-enacted by 59 Pa.C.S.A. §§ 301 *et seq.* (Supp.1979–80). The sections cited in the text, supra, may now be found at 59 Pa.C.S.A. §§ 313(a) and 342(a) respectively.

cient to establish an interest in the disputed property in favor of testator. The testator has prima facie a partner's interest in partnership property.

■ Appellant next contends that the special master and the lower court erred in not permitting him to prove his ownership claim by invoices and cancelled checks. With this we agree. The Dead Man's Statute applies only to testimony. Written evidence offered by an adverse surviving party is not rendered incompetent by the Dead Man's Statute. *Rauenzahn v. Sigman,* 376 Pa. 26, 31, 101 A.2d 688, 690 (1954). The instant exclusion of documents, which documents are not in the record, was based solely on an objection grounded upon the Dead Man's Statute. The record indicates the documents consisted of cancelled checks and bills of sale. Some of these documents identified on their faces the items purchased, the prices paid, and the identity of the purchaser. The lower court erred in not considering whether the written documents offered by appellant proved his ownership of the disputed property.

Accordingly, the decree is vacated and the record is remanded for further proceedings consistent with this opinion. Costs on the estate.

MANDERINO, J., did not participate in the consideration or decision of this case.