# Galluzzo v. Galluzzo

*Ernest DeHaas II,* for plaintiff.
*Gary Altman,* for defendant.

LESKINEN, *J.,* June 29, 2005—Before this court are two motions. The first is a motion for partial summary judgment filed by Diana Lee Galluzzo (defendant) and the second is a motion for partial summary judgment filed by Guy Galluzzo Jr. (plaintiff). An understanding of the factual background is necessary to an understanding of the issues raised.

The plaintiff and Dominick Galluzzo (decedent) were the sons of Guy Galluzzo Sr. and Malfalda Galluzzo. In 1953, Guy Galluzzo Sr. registered the fictitious name Galluzzo Construction Company and listed his home at 17 Maurice Street, Uniontown, as the address of that business. In November of 1974, the fictitious name registration was amended to add the names of the plaintiff and the decedent as co-owners of that business with their father. The fictitious name registration states that Galluzzo Construction Company was a construction business.

There was no written partnership agreement for Galluzzo Construction Company, either before or after Father's death. The parties agree that Mafalda Galluzzo was never an owner or partner in the Galluzzo Construction Company business, and that the sole owners of that business after Father died were the plaintiff and the decedent.

Guy Galluzzo Sr. died on June 27, 1975. On August 16, 1975, Malfalda executed a deed to convey the prop-

erty located at 17 Maurice Street, Uniontown, to the plaintiff, the decedent, and herself as joint tenants with the right of survivorship and not as tenants in common. On October 7, 1975, Mother executed a deed to convey property she had owned jointly with her husband located at 572 Pittsburgh Street, North Union Township to the plaintiff, the decedent and herself as joint tenants with the right of survivorship and not as tenants in common.

The parties agree that the plaintiff and/or the decedent paid no consideration to Mother for their interests in the Maurice Street and Pittsburgh Street properties. On August 15, 1978, Malfalda, the plaintiff, and the decedent acquired property at 78 Carlisle Street, Uniontown, as joint tenants with the rights of survivorship and not as tenants in common. Mother never transferred her undivided one-third interest in the Pittsburgh Street property, the Maurice Street property or the Carlisle Street property during her lifetime. There is no allegation that any event occurred during her lifetime that terminated the joint tenancy with the right of survivorship.

The plaintiff and the decedent also acquired the following properties as tenants in common: 39-41 Wilson Avenue, Uniontown and 1509 Water Street, Brownsville Borough.

Mother died on May 30, 1995. The decedent died on May 29, 2003. The plaintiff, believing that by operation of law he became the sole owner of the Maurice Street, Pittsburgh Street, and Carlisle Street properties, brought this action in order to eject the defendant from these premises. Plaintiff is also claiming one-half ownership of the commonly-owned real estate, specifically the Water Street and Wilson Avenue properties. In addition, plain-

tiff requests an accounting for rent received by the decedent prior to his death and by the defendant after the date of the decedent's death.

The defendant, the widow and personal representative of the estate of the decedent, asserts that all the properties were assets of the Galluzzo Construction Company partnership, and that the plaintiff and decedent signed a dissolution agreement in December of 2001, under which the plaintiff agreed to transfer all of his right, title and interest in all of the partnership property to the decedent as of December 31, 2000.

This case hinges upon whether the properties were partnership properties. If the Maurice Street, Pittsburgh Street, and Carlisle Street properties, which are all deeded to Malfalda, decedent and plaintiff as joint tenants with the right of survivorship, were not partnership properties then, by operation of law, the properties belong to the plaintiff (Malfalda and decedent both having died). On the other hand, if any of the properties were owned by the partnership, the issue becomes what effect the dissolution of the partnership had on the ownership of those properties.

## STANDARD

The standard of review of a motion of summary judgment is well settled. Rule 1035.2 of the Pennsylvania Rules of Civil Procedure provides in its pertinent part:

"After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law:

"(1) Whenever there is no genuine issue of any material fact as to a necessary element of the cause of action

or defense which could be established by additional discovery or expert report; or

"(2) If, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial, would require the issues to be submitted to a jury."

A non-moving party must produce sufficient evidence on an issue essential to its case and on which it will bear the burden of proof such that a fact-finder could return a verdict in its favor. *Ertel v. Patriot-News Company,* 544 Pa. 93, 674 A.2d 1038 (1996), *cert. denied,* 519 U.S. 1008, 117 S.Ct. 512, 136 L.Ed.2d 401 (1996). However, in a summary judgment motion, the record must be examined in the light most favorable to the non-moving party and any and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Coleman v. Coleman,* 444 Pa. Super. 196, 663 A.2d 741 (1995); *City of York v. Schaefer Temporary Services Inc.,* 667 A.2d 495 (Pa. Commw. 1995).

*Plaintiff's Motion for Partial Summary Judgment*

Plaintiff, moving for partial summary judgment, argues that the Maurice Street, Pittsburgh Street, and Carlisle Street properties were not assets of the partnership. Accordingly, this court must address whether there is a genuine issue of material fact concerning whether the properties were assets of the partnership. The deeds do not mention any partnership and they do not state that the grantees were taking title as partners. Moreover, the parties agree that Mother was never a partner in Galluzzo Construction Company.

The Uniform Partnership Act does make clear that property can belong to a partnership even though it is not specifically deeded to that partnership. See 15 Pa.C.S. §8322. However, this section does not specifically address instances where title to real property is granted to two individuals who happen to be partners *and* a third person, who is not a partner, as joint tenants with the right of survivorship.

The law of Pennsylvania, both before and after the adoption of the Uniform Partnership Act (UPA), was that, in the absence of evidence that the real estate was acquired for a partnership, the presumption is that it was not partnership property. *Bell v. Johnston*, 281 Pa. 57, 126 A. 187 (1924); and Ladner on Conveyancing in Pennsylvania, sec. 3.11. The UPA provides that the fact that persons own property as joint tenants (or even as tenants in common) does not of itself establish a partnership, whether or not the co-owners of the property share any profits made from the use of the property. 15 Pa.C.S. §8312(2) and (3).

Ultimately, "[t]he question of whether specific property is partnership property is largely a question of intention." See *Estate of Rider,* 487 Pa. 373, 378, 409 A.2d 397, 400 (1979), citing *Collner v. Greig,* 137 Pa. 606, 612, 20 A. 938 (1890); *Warriner v. Mitchell,* 128 Pa. 153, 161, 18 A. 337, 338 (1889); *Jakubowski v. Shingara,* 28 Northum L.J. 43, 47-48 (C.P. 1956). The plaintiff and decedent paid no consideration for their interests in the Maurice Street, Pittsburgh Street, and Carlisle Street properties. Therefore, there is no basis for the defendant to assert that funds of the Galluzzo Construction partnership were used to purchase those interests. There is no allegation that partnership money was used to purchase the Carlisle Street property in 1978.

The only evidence of record that defendant has produced to support the allegation that the properties belonged to the partnership are copies of tax returns for several years that listed all of the real estate in question as partnership property of Galluzzo Construction. Interestingly enough, on Guy Galluzzo's 1995 and 1996 tax return, he refers to two partnerships from which he received income—Galluzzo Construction and Galluzzo Construction Rental. The court believes that tax reporting is an unreliable guide to the intention of the parties as to the precise category of ownership, as the nature of the ownership is largely irrelevant to the amount of tax owed. However, it must be conceded that the tax returns are some evidence that the parties intended the property to be partnership property.

Viewing the record, in the light most favorable to the party opposing the motion for summary judgment, this court finds that the evidence produced by the defendant raises a genuine issue of material fact concerning whether the property at issue was partnership property. Therefore, plaintiff's motion for summary judgment is denied, and all of the evidence must be weighed by the fact-finder.

### Defendant's Motion for Summary Judgment

The defendant's "motion for summary judgment" would have more properly been titled defendant's "motion in limine" as it asks this court to make a determination of whether or not it will hear oral testimony regarding the dissolution agreement under the Dead Man's Rule, and, if so, what testimony can the attorney who prepared the agreement give about the agreement.

The defendant's motion assumes, for the purposes of the motion, that the property is partnership property. As

noted above, if the property is determined to have been partnership property, the main legal issue in this case becomes whether the "dissolution agreement" can dissolve the partnership and thus transfer, and/or assign, the partnership real estate to the surviving partner as set forth in the dissolution agreement.

The dissolution agreement makes no specific reference to any real estate that the partnership may have owned. The relevant provision of the agreement reads "[t]he parties agree that all items including, but not limited to machinery, tools, and equipment used in the furtherance of the business shall remain at the business and become the property of Dominick 'Dom' Galluzzo."

Defendant's initial question is whether the Dead Man's rule, 42 Pa.C.S. §5930, prohibits oral testimony from either the surviving former partner, or the attorney who prepared the written partnership dissolution agreement, about the agreement that is contrary to the interest of the deceased partner.

The Dead Man's statute provides in pertinent part:

"Nor, where any party to a thing or contract in action is dead . . . and his right thereto or therein has passed, either by his own act or by the act of the law, to a party on the record who represents his interest in the subject in controversy, shall any surviving or remaining party to such thing or contract, or any other person whose interest shall be adverse to the said right of such deceased . . . be a competent witness to any matter occurring before the death of said party." 42 Pa.C.S. §5930.

"The party challenging the competency of a witness has the burden of proving incompetency." *In re Estate of Rider,* 487 Pa. 373, 377, 409 A.2d 397, 399 (1979), cit-

ing *In re Estate of McFetridge,* 472 Pa. 546, 550, 372 A.2d 823, 825 (1977). In order to be disqualified as a witness under the Dead Man's statute, three conditions must be proved:

"(1) the deceased must have had an interest in the matter at issue, *i.e.,* an interest in the immediate result of the suit;

"(2) the interest of the witness must be adverse; and

"(3) a right of the deceased must have passed to a party of record who represents the deceased's interest." *In re Estate of Rider,* 487 Pa. 373, 377, 409 A.2d 397, 399 (1979), citing *In re Estate of McFetridge, supra; Moore Estate,* 439 Pa. 578, 582, 266 A.2d 641, 643 (1970); *Pronzato v. Guerrina,* 400 Pa. 521, 530, 163 A.2d 297, 301 (1960); *Pavlinko Estate,* 399 Pa. 536, 544, 160 A.2d 554, 558 (1960); *Hendrickson Estate,* 388 Pa. 39, 45, 130 A.2d 143, 146-47 (1957).

The attorney who prepared the dissolution agreement is not barred by the Dead Man's Act from offering testimony, as that attorney is not a party to any agreement which is adverse to the decedent's rights. The Dead Man's rule is inapplicable "when the witness does not have an interest in the outcome of the proceeding, for in that case the witness would have no reason to misrepresent his dealing with the decedent." *Geriatric & Medical Services Inc. v. Cipriano,* 19 Phila. 15, 18-19 (1989), citing *Visscher v. O'Brien,* 274 Pa. Super. 375, 382-83, 418 A.2d 454, 458 (1980). Moreover, even an agent or an employee of an adverse party is not disqualified as a witness by the Dead Man's Act. *Id.*

Another exception to the Dead Man's Act is the devisavit vel non exception. "In *Dalbey's Estate,* 326 Pa.

285, 192 A. 129 (1937), our Supreme Court stated that the devisavit vel non exception: 'renders competent all witnesses in disputes involving the testamentary disposition of property regardless of any interest possessed by them in the particular decedent's property. This rule is in keeping with the modern tendency to admit all testimony having a direct bearing on issues involved, notwithstanding the witness' interest, which reflects only his credibility. This is especially true where other evidence is at times unavailable, as is frequently the case in litigation of this character.'" *Pagnotti v. Old Forge Bank,* 429 Pa. Super. 39, 42, 631 A.2d 1045, 1046 (1993).

The Dead Man's Act renders the witness' testimony competent where the controversy over decedent's property is between parties respectively claiming such property's "devolution on the death of the owner." *In Re Estate of McClain,* 481 Pa. 435, 444-45, 392 A.2d 1371, 1375 (1978). The definition of the term "devolution" includes the transfer of a decedent's property both by operation of law and by will. *Pagnotti v. Old Forge Bank,* 429 Pa. Super. 39, 42, 631 A.2d 1045, 1047 (1993), citing *In Re Estate of McClain,* 481 Pa. 435, 445, 392 A.2d 1371, 1375 (1978).

In *Pagnotti,* the decedent and the appellee owned a bank account. Following the decedent's death, appellant and appellee each claimed a right to the money in the account. Appellee claimed that the bank account, owned by the decedent and the appellee, was a joint account with the right of survivorship. Appellee therefore asserted that the money remaining in the account following the death of the other owner of the account would pass by operation of law to the appellee. Apellant argued that the

bank account was owned by the appellee and decedent as tenants in common, and therefore, by operation of law, decedent's estate was entitled to half of the money remaining in the account following the decedent's death.

The court in *Pagnotti* held that "each party was claiming the right to the money in the bank account by devolution following the death of an owner of the account" and accordingly held that all witnesses "were competent to testify." *Id.* at 43, 631 A.2d at 1047. The facts in this case are parallel to *Pagnotti.* The only major difference is that in *Pagnotti* the dispute concerned the ownership of a bank account while in the instant case the dispute concerns the ownership of real estate. Most importantly, like in *Pagnotti,* each party in the instant case is claiming the right to property by "devolution" following the death of an owner of the property. Accordingly, this court finds that all witnesses (excluding any testimony that is found to be barred by the attorney/client privilege) are competent to testify regardless of the Dead Man's statute.

The second question that the defendant asks is "[i]f the court decides that oral testimony can be heard under the Dead Man's rule, the court must then determine whether the attorney who prepared the dissolution agreement can give oral testimony despite the attorney-client privilege rule, and if so, what testimony?" The Act governing the attorney-client privilege provides that "[n]or shall counsel be competent or permitted to testify to confidential communications made to him by his client or the client be compelled to disclose the same, unless in either case this privilege be waived upon the trial by the client." Act of May 23, 1887, P.L. 158, 28 P.S. §321, later codified in 42 Pa.C.S. §5928.

There is a "well recognized rule" that "if the attorney represents both parties to the transaction[,] in disputes between the parties inter se the confidential communications statute is inapplicable." *Trzesniowski v. Erie Insurance Exchange,* 59 D.&C.2d 44 (1973), citing *Loutzenhiser v. Doddo,* 436 Pa. 512, 260 A.2d 745 (1970). Viewing the evidence in the light most favorable to the party opposing this motion, the evidence supports a finding that the attorney who prepared the dissolution agreement represented both parties. Accordingly, on this record, his testimony will not be barred by the attorney-client privilege.

## ORDER

And now, June 29, 2005, upon consideration of the plaintiff Guy Galluzzo's motion for partial summary judgment, and upon further consideration of applicable law, and the briefs and arguments of counsel, it is hereby ordered and decreed that plaintiff Guy Galluzzo's motion for partial summary judgment is denied.

## ORDER

And now, June 29, 2005, upon consideration of the defendant Diana Lee Galluzzo's, administratrix of the estate of Dominick Galluzzo, motion for partial summary judgment, and upon further consideration of applicable law, and the briefs and arguments of counsel, it is hereby ordered and decreed that defendant's motion for partial summary judgment is denied.