# In re Estate of Possinger

C.P. of Monroe County, no. 98 O.C. 2005.

*Terrence J. Herron,* for estate.

*David Saba,* for executors Elmer and Freda Possinger.
*Diane K. Foxman* and *Ethan R. O'Shea,* for repspondent Kelly Possinger.
*Rachel Possinger-Seidel,* respondent pro se.
*James R. Nanovic,* for respondent Nyles Possinger.

CHESLOCK, *J.,* April 20, 2006—Elmer Roy Possinger, a/k/a E. Roy Possinger (decedent), died testate on May 24, 2005, leaving a last will and testament dated March 9, 1982, which was duly probated by the Register of Wills, in and for the County of Monroe, Pennsylvania.[1] Letters testamentary were issued to Elmer F. Possinger and Freda L. Possinger (executors) by the Register of Wills on June 15, 2005. On January 30, 2006, the petitioners filed a petition for leave to sell real property at private sale and a petition for leave to sell personal property at private sale. On March 16, 2006, the respondent, Kelly Possinger, filed an answer with new matter to the petition for leave to sell real property at private sale, which, in essence, agrees with the sale of the Henning/Possinger transaction and the FERN Partnership transaction with the exception of the Pfaffinger property in the East View vacant lot should be excluded and the Perry property should not be sold. The answer of Kelly Possinger indicates that some of the properties listed in the petition for leave to sell real property are not the property of the FERN Partnership. Respondent Nyles Possinger filed a reply to the petition for leave to sell real property on March 17, 2006,

---

1. There was a petition for a later discovered will which is on appeal to the Pennsylvania Superior Court.

in which he denied that the partnership owns 10 parcels of improved and unimproved real estate as set forth in exhibit "E" to the petition. Respondent Rachel Possinger-Seidel filed an answer and new matter to petition for leave to sell real property on March 17, 2006. In her answer, Rachel Possinger denies the partnership owns all of the parcels set forth in the exhibit. A hearing was scheduled for March 22, 2006, and at time of hearing, the parties heretofore agreed to a stipulated order in which it was agreed that the executors are authorized to sell the estate's 25 percent interest in the Henning transaction and that the executors are authorized to sell to Nyles J. Possinger the estate's 25 percent interest in the partnership properties identified as exhibits G-1, G-2, G-3, G-4, G-7 and G-8 in the petition to sell real property. The hearing of March 22, 2006, was held on the two remaining issues: first, whether the remaining parcels listed in the petition to sell real property are part of the partnership, those being attached as exhibit G-5 and G-6 to the petition; and Rachel Possinger-Seidel's objection to the valuation of the stocks to be sold to Nyles J. Possinger as set forth in the executor's petition to sell personal property. We are now prepared to dispose of these matters.

In regard to the petition to sell real property, at the time of hearing, the estate indicated that it was not pursuing Count III of the petition involving the Perry property. Accordingly, the estate is withdrawing that count. In regards to the remainder of the properties, Kevin Summa, accountant for the partnership, testified before the court. Mr. Summa indicated that he

prepared the tax returns from 2002 through 2004 and is familiar with the properties. For the tax return of 2004, he stated that the Maurer and Armitage properties are considered assets of the partnership even though the deeds may state otherwise. We note that on joint exhibit 5, 6 and 7, which are the partnership Federal Income Returns for 2002, 2003, and 2004 respectively, Schedule K-1 indicates that the real estate rental activities and risks for both the Armitage and Maurer rentals are reported to the partnership. Mr. Summa testified that the taxes and maintenance for the partnership assets including the Maurer and Armitage property were paid for by the partnership. Mr. Summa testified that the Pathinger property is part of the partnership property.

Nyles J. Possinger also testified at the hearing on March 22, 2006. He stated that the Pathinger and Miller properties were combined and sold off in lots. However, they were acquired from the partnership partners pooling their money and purchasing the Pathinger and other parcels. Mr. Nyles J. Possinger stated that the purchase may have come out of the partnership checking account; however, he was not aware if that was fact.

The objections to the proposed sale of the property were filed by respondents Nyles J. Possinger, Kelly Possinger and Rachel Possinger-Seidel. Based upon the testimony presented at hearing, we find that the properties in question are partnership property. Proof of ownership interest in the property is sufficient to make out a prima facie case that a partnership had an interest in the disputed property. *Whitenight v. Whitenight,* 444 Pa. 32,

36, 278 A.2d 912, 914 (1971). Question of specific property being partnership property is largely a question of intention. *In re Estate of Rider,* 487 Pa. 373, 378, 409 A.2d 397, 400 (1979). Instantly, we believe that the evidence of the partnership tax returns, although not absolutely controlling, is evidence of the parties' intention as to the properties. The fact that the partnership listed these properties on their Schedule K-1 is indicative of the interest that the partnership maintained in those properties. We find the testimony of Nyles J. Possinger a compelling factor in determining that the properties are assets of the partnership. We find that although the record title may not be in the name of FERN Partnership, that factor alone does not affect the properties' status as partnership property. *Miller v. Miller,* 370 Pa. 520, 523, 88 A.2d 784, 786 (1952). Further, Mr. Summa's testimony solidifies our finding that these properties are assets of the partnership. Mr. Summa is a disinterested third party who has intimate knowledge about the partnership and its assets. Accordingly, based upon the testimony of Mr. Summa and Nyles Possinger, we find that the properties listed for sale in the executor's petition to sell real property are partnership property and we authorize the sale of the same.

Next, we will address the objections to the executor's petition for leave to sell personal property filed by Rachel Possinger-Seidel. In her objection, Rachel indicates that the formula setting out the purchase price is unconscionable in that it is undervalued by approximately one-third and requests this court to make its own valuation. In support of her position, she cites the case of the *Estate of H.A. True v. Commissioner of the Internal Revenue Serv-*

*ice,* 390 F. 3d 1210 (C.A. 10, 2004). In that case, the taxpayers challenged the Internal Revenue Service determination that the estate had certain deficiencies, causing it to incur taxes and penalties. The court found that the companies kept their business records according to tax book values rather than the generally accepted accounting principles and under this method the companies would take greater tax advantage of certain tax deductions and accelerated rates of depreciation. Ultimately, the court found that the buy/sell agreements served as testamentary substitutes and upheld the tax court's deficiency determinations. The *True* case set forth whether the specific terms in the buy/sell agreement can control the value of assets for estate tax purposes. In that vein, the court found that a stated price in a buy/sell agreement will control for estate tax purposes where (1) the price is determinable from the agreement, (2) the terms of the agreement are binding throughout life and death, (3) the agreement is legally binding and enforceable and (4) the agreement was entered into for bona fide business reasons and is not a testamentary substitute intended to pass on the decedent's interest for less than full and adequate consideration.

In our case, we find that the testimony of Kevin Summa, the Certified Public Accountant for E.F. Possinger and Sons Inc., is significant in this matter. First, Mr. Summa testified that the shareholders entered into an agreement in 1999 to determine what happened to the shareholders' interest when they die or leave the company. Accordingly, the agreement sets a price which is binding throughout life and death. Mr. Summa testified

how a price was determined when a shareholder leaves or dies. Hence, we find that the price is determinable from the agreement and that the terms of the agreement are binding throughout life and death. We also find the agreement is legally binding and enforceable. We note that no one argued that this agreement is not binding or enforceable at the time of hearing. Finally, through the testimony of Mr. Summa, we believe that the agreement was entered into for bona fide business reasons. Mr. Summa testified that the agreement was drafted to determine what happens if a shareholder leaves or dies. Mr. Nyles Possinger also testified that the agreement was signed by all shareholders. We find that the agreement was entered into for bona fide business reasons, *i.e.,* to determine the rights of shareholders to purchase the shares in the event that one wished to leave or was deceased.

Throughout her argument, Rachel implies that the shareholders' agreement was entered into for estate planning purposes and that the price, which Nyles Possinger agreed to pay for the shares of decedent, are about one-third lower than the actual value of said shares. At hearing, Rachel did not present any testimony or evidence to support her contentions. We find her mere allegations of undervaluation are not supported by any evidence. Rachel's arguments that the shareholder's agreement is a substitute for a testamentary device, that the price for the purchase of decedent's share is unconscionable, or that application of the valuation method is incorrect are without merit. There has been no allegation of fraud or incompetence on the part of the de-

cedent at the time the decedent executed the shareholder's agreement. Further, the valuations were made under generally accepted accounting principles which significantly differs from the *True* case in which the valuation was following tax book values. Moreover, we find that the price contained in the shareholders' agreement was not an arbitrary price but was based upon the value of the business as Mr. Summa testified by adding the profits and deducting the losses for a determination of the stock value. The agreement was entered into using professional guidance or consultation which differs significantly from the *True* case. The instant case differs significantly from the *True* case which Rachel relies on to support her argument.

Rachel also argues that the purchase price is unconscionable. Unconscionability has been defined as a lack of meaningful choice coupled with a contract term which is so one-sided as to be impressive. *Stanley A. Klopp Inc. v. John Deere Company,* 510 F. Supp. 807, 810 (E.D. Pa. 1981). (citation omitted) There has been no allegation that the contract terms contained in the shareholders' agreement was one-sided or that they were oppressive or that any of the parties had an unfair or superior bargaining position. We find that Rachel Possinger-Seidel has wholly failed to support her objection through evidence supported by documentation or testimony. Accordingly, we overrule her objections. Hence, because there are no other objections to the executors' petition for leave to sell personal property, we will grant the executors' petition and permit the sale of stock to Nyles J. Possinger.

## DECREE

And now, April 20, 2006, it is ordered and decreed as follows:

(1) The objections of Rachel Possinger-Seidel, Kelly Possinger and Nyles J. Possinger to the executors' petition for leave to sell real property are dismissed. The petition of the executors, Elmer F. Possinger and Freda L. Possinger, for the sale of real property, specifically to sell to Nyles J. Possinger the estate's 25 percent interest in FERN Partnership property is granted and we authorize the sale of the properties as listed in the executors' petition.

(2) The objection of Rachel Possinger-Seidel to the executors' petition for leave to sell personal property, specifically the valuation of the stocks to be sold to Nyles J. Possinger, is dismissed. The petition of the executors, Elmer F. Possinger and Freda L. Possinger, for the sale of personal property is granted and we authorize the sale of personal property as listed in the executors' petition.