Roger STALNAKER, Appellant,

v.

Mildred LUSTIK, Individually and Mildred Lustik, Personal Representative of the Estate of Joseph Lustik, Appellee.

Superior Court of Pennsylvania.

Argued Dec. 17, 1999.
Filed Dec. 31, 1999.
Reargument Denied March 10, 2000.

David C. Hook, Waynesburg, for appellant.

Mark F. Geary, Washington, for appellee.

Before DEL SOLE, BROSKY and TAMILIA, JJ.

TAMILIA, J.:

¶ 1 Appellant, Roger Stalnaker, appeals the June 10, 1999 judgment entered following the May 11, 1999 Order affirming a March 1999 Order and dismissing plaintiff/appellant's exceptions to the verdict in his favor and against the estate of Joseph Lustik for $500. Briefly stated, the facts as found in the record are as follows.

¶ 2 In April of 1992, appellant agreed to pay Joseph Lustik $40,000 for standing

timber, which appellant would cut and remove from Lustik's 300–acre farm. Appellant also agreed to cut down a specified tree located near the Lustik home and move a fence, gas and fuel tank and farm equipment at no extra cost. On May 18, 1992, appellant cut down the tree adjacent to the Lustik home and performed the remaining acts as agreed. He did not, however, cut and remove the standing timber. In July of 1992, Lustik contacted appellant to inform him that he had found another party to whom he intended to sell the standing timber. Appellant filed a breach of contract action, alleging that he lost profits, estimated at $45,000, that he would have made on reselling the timber.[1] Appellant also sought damages in the amount of $3,500, representing the cost of cutting down and removing the tree next to the Lustik home, and $10,000, representing the value of his additional work on the Lustik property.

¶ 3 Lustik died intestate on November 29, 1993, prior to the filing of appellant's complaint. Mildred Lustik, the deceased's wife, was substituted as the defendant, as an individual and as administratrix of Lustik's estate. The court, however, granted the defense's non-suit and dismissed Mrs. Lustik in her individual capacity.

¶ 4 At trial, Mrs. Lustik testified that her husband had told her that appellant had submitted a bid of $40,000 for the sale of timber found on the Lustik property (N.T., 8/31/98, at 11). She testified that her husband, in fact, decided to sell his timber to another interested party, instead of appellant, for $85,000 (*id.* at 15). She also confirmed that appellant had cut down the tree adjacent to her farmhouse and had removed some other objects as desired by her husband (*id.* at 12–13).

¶ 5 Following the nonjury trial, the trial court found that the parties' alleged oral contract was subject to the statute of frauds and that appellant was limited to reliance damages. The court determined that $500 adequately compensated appellant for the costs he incurred as a result of cutting down and removing the tree and the value of labor expended to remove other items from the property. Appellant's exceptions to the verdict were dismissed and this appeal followed. Appellant raises the following issues for our review:

(1) What type of contract damages are available to Roger Stalnaker, plaintiff, when the party defendant admits the existence of the oral contract—expectation damages or reliance damage?

(2) Does evidence of a sale of the timber to a third party, Mr. Brown, made contemporaneous with the notification of the repudiation of the earlier contract with Stalnaker provide evidence of the market price so as to compute the expectation damages of the plaintiff?

(Appellant's Brief at 3.)

¶ 6 Appellant claims the trial court improperly limited his recovery to reliance damages. Specifically, he argues the statute of frauds does not bar the oral contract because Mrs. Lustik admitted at trial that such an oral agreement existed between her deceased husband and appellant.[2]

¶ 7 The statute of frauds, first codified in the Uniform Commercial Code (U.C.C.),

---

1. Appellant arrived at this figure by taking the price he agreed to pay Lustik ($40,000) from the alleged price that Lustik sold the timber to a third party ($85,000).

2. Appellant also argued at trial that the parties' agreement had been partially performed, and, therefore, it fell outside the statute of frauds. He, however, does not raise or argue this issue on appeal. Moreover, we note "specific evidence that would make recission of an oral contract inequitable and unjust will take such contract outside of the Statute of Frauds; partial performance, which has benefited the party invoking the statute, will in appropriate circumstances, bar the invocation of the rule." *In re Estate of Brojack*, 321 Pa.Super. 154, 467 A.2d 1175, 1182 (1983). In this case, the removal of the tree from the farmland was incidental to the parties' agreement to sell and buy timber. As such, the acts by appellant do not constitute "partial performance" as would take the original contract out of the statute of frauds.

has been adopted by this Commonwealth in 13 Pa.C.S.A. § 2201, **Formal requirements; statute of frauds**. The statute states:

a contract of the sale of goods for the price of $500.00 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker.

13 Pa.C.S.A. § 2201(a), **General rule**. Moreover, the statute states:

A contract for the sale ... of timber to be cut is a contract for the sale of goods within this division whether the subject matter is to be severed by the buyer or by the seller even though it forms part of the realty at the time of contracting, and the parties can by identification effect a present sale before severance.

13 Pa.C.S.A. § 2107, **Goods to be severed from realty: recording, (b), Other property severable without material harm.**[3]

¶ 8 Section 2201(c), **Enforceability of contracts not satisfying general requirements**, (2), states that a contract which does not fall within the ambit of section 2201(a), but which is valid in other respects is enforceable:

if **the party against whom enforcement is sought** admits in his pleading, testimony or otherwise in court that a contract for sale was made, but that the contract is not enforceable under this provision beyond the quantity of goods admitted.

13 Pa.C.S.A. § 2201(c)(2) (emphasis added). "Party" is defined under the U.C.C. "[a]s distinct from "third party," mean[ing] a person who has engaged in a transaction or made an agreement within this title." 13 Pa.C.S.A. § 1201, **General Definitions**. Moreover, a "representative" under the U.C.C. "includes an agent, an officer of a corporation or association, and a trustee, executor or **administrator of an estate**, or any other person empowered to act for another." 13 Pa.C.S.A. § 1201 (emphasis added).

¶ 9 In this case, we cannot accept Mrs. Lustik's testimony as a party admission so as to take the oral contract out of the statute of frauds. She clearly is not a "party" as defined by the statute, as she never personally entered into any alleged agreement with appellant. Mrs. Lustik, as the administratrix of her husband's estate, is a "representative" and, therefore, section 2201(c)(2) does not apply.[4] Accordingly, we find the parties' alleged oral agreement barred by the statute of frauds.[5]

3. Prior to 1972, timber was considered to be either a good or real estate depending upon what party to the contract was to sever the timber. In 1972, the U.C.C. changed this theory and now makes all timber to be severed a "good." The reason behind this change was to facilitate financing of such transactions. *See Official U.C.C. Reasons for 1972 Change*, U.C.C. comment (1972).

4. We note that while Mrs. Lustik's testimony of her husband's admission that he entered into a contract with appellant may have been properly admitted at trial as an exception to the hearsay rule (a party admission), this does not translate into Lustik, himself, "admitting to such agreement in court" as is required under the statutory exception to the statute of frauds. *See* Pa.R.E. 803, Hearsay Exceptions; Availability of Declarant Immaterial, (25), Admission by Party–Opponent, Comment (where "the statement is offered against a party and is the party's own statement in either an indi-

vidual or a representative capacity, or a statement of which the party has manifested an adoption or belief in its truth.").

5. To the extent Mrs. Lustik argues the Pennsylvania's Dead Man's Statute applies to exclude her testimony at trial, we note the statute provides in relevant part:

Except as otherwise provided, in this subchapter in any civil action or proceeding, where any party to a thing or contract in action is dead, ... and his right thereto or therein has passed, either by his own act or by the act of the law, to a party on the record who represents his interest in the subject in controversy, neither any surviving ... party to such thing or contract, nor any other person whose interest shall be adverse to the said right of such deceased ... shall be a competent witness to any matter occurring before the death of said party....

¶ 10 It is well settled that a party who is injured as a consequence of another party's breach of a valid oral contract subject to the statute of frauds may recover reliance damages only. *See Green v. Interstate United Management Services Corp.*, 748 F.2d 827 (3d Cir.1984) (a plaintiff who is successful in a lawsuit for breach of an oral agreement that is subject to the statute of frauds is only entitled to recover reliance damages for the breach); *see also Linsker v. Savings of America*, 710 F.Supp. 598 (E.D.Pa.1989) (reliance damages are the only measure of recovery for an action for breach of an oral contract subject to the statute of frauds; a plaintiff cannot be compensated for loss of its bargain pursuant to such a contract). As such, a plaintiff is entitled to recover the reasonable value of the services he had actually performed and the expenses he incurred. *Butcher v. United States Inv. Corp.*, 236 Pa.Super. 8, 344 A.2d 583 (1975).

¶ 11 In this case, appellant was entitled to the value of the services that he performed for Lustik, namely the cost of cutting down and removing the tree next to the farmhouse.[6] Appellant submitted a copy of a bill, in the amount of $3,500, to Lustik for cutting and removing the tree from his yard. At trial, the defense offered the testimony of an expert arborist to estimate the actual cost of such services. The arborist visited the site where the tree originally stood on the Lustik property, examined the remaining stump and its dimensions and noted the tree's proximity to the farmhouse and the surroundings. In his estimation, the arborist testified that he would charge the reasonable price of $300–$360 to chop down and remove such a tree (N.T., 8/31/98, at 52).

¶ 12 In light of the record and the applicable case law, we find the trial court correctly estimated the reasonable value of appellant's services. The court granted him the full $360 and an additional $140 for the removal of a doghouse which was not even itemized on the bill presented by appellant to Lustik. Under these circumstances, we cannot find the trial court committed an error of law or an abuse of discretion.

¶ 13 Judgment affirmed.

---

Act of July 9, 1976, P.L. 586, No. 142, § 2, as amended, Act of April 28, 1978, P.L. 202, No. 53, § 19(75), 42 Pa.C.S.A. § 5930 (Supp. 1980).

In order to disqualify a witness' testimony under the Act, the challenging party must show:

(1) the deceased must have an interest in the matter at issue, i.e., an interest in the immediate result of the suit;
(2) the interest of the witness must be adverse; and
(3) a right of the deceased must have passed to a party of record who represents the deceased's interest.

*Pagnotti v. Old Forge Bank*, 429 Pa.Super. 39, 631 A.2d 1045, 1046 (1993). In this case, we find the Dead Man's Act does not preclude Mrs. Lustik's testimony at trial. She, as the witness, did not have an adverse interest to her husband, the decedent. *See West's Pennsylvania Practice*, Competency, § 601–7(e)(1) ("the spouse of an incompetent witness is not rendered incompetent by the Dead Man's Rule.").

**6.** Such compensation is know as *"quantum meruit"*—a legal theory predicated on the existence of an unjust enrichment. In other words, it would be unfair to allow one party to an unenforceable contract to accept the performance of the other party and receive a material benefit without assuming any obligation.