J. A15040/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ESTATE OF ANNA SWARTZ, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: EDWARD SWARTZ, | : | |
| EXECUTOR | : | |
| | : | No. 2751 EDA 2014 |

Appeal from the Order Entered August 26, 2014
In the Court of Common Pleas of Montgomery County
Orphans' Court Division No(s).: 2011-X4287

| | | |
|---|---|---|
| IN RE: ESTATE OF ANNA SWARTZ, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: PEARL MACKERCHAR | : | |
| | : | No. 2794 EDA 2014 |

Appeal from the Order Entered August 26, 2014
In the Court of Common Pleas of Montgomery County
Orphans' Court Division No(s).: 2011-X4287

BEFORE: BOWES, MUNDY, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED AUGUST 21, 2015**

Appellant/Cross-Appellee ("Appellant"), Edward Swartz, Executor, appeals from the order entered in the Montgomery County Court of Common Pleas, denying his exceptions to the adjudication entered by the orphans' court. Appellant contends the orphans' court erred in finding the Schwab

---

[*] Former Justice specially assigned to the Superior Court.

tenancy in common account was not an estate asset. Appellee/Cross-Appellant ("Appellee"), Pearl Mackerchar, appealed from the order entered in the Montgomery County Court of Common Pleas denying her exceptions to the adjudication. Appellee claims the orphans' court erred by failing to find that the Schwab joint tenants with right of survivorship ("JTWROS") account should not be included as an estate asset. We affirm.

We glean the facts from the orphans' court opinion and the record. "The decedent, Anna Swartz, died on November 16, 2011, leaving a Will dated September 22, 1993, which was duly probated by the register of Wills of Montgomery County on December 6, 2011, at which time the Register granted Letters Testamentary to [Appellant], the Accountant herein ("Accountant")." Orphans' Ct. Op., 7/21/14, at 1. Appellee is the decedent's daughter and Appellant's sister. N.T. Pet. for Removal of Executor, 11/13/12, at 4. The decedent had two other children, Maurice and Jay, who is deceased. *Id.* at 6. Jay Swartz' interests are represented by the executor of his estate, Brandon Swartz. Orphans' Ct. Op. at 2.

The First and Final Account was filed on December 26, 2012. Appellee filed objections on January 31, 2013. Appellee filed supplemental objections on July 26, 2013. A hearing on all of the objections was held on July 29, 2013. The orphans' court entered an Adjudication on July 18, 2014. Appellant and Appellee filed exceptions to the Adjudication on August 7,

2014. On August 26, 2014, the orphans' court denied Appellant's and Appellee's exceptions. These timely appeals followed.[1]

Appellant raises the following issues for our review:

A. Did the orphans' court err by finding a Schwab tenants-in-common account[2] was improperly included as an estate asset where the decedent had been the sole contributor to the account and retained the right to withdraw the funds during her lifetime?

1. Did the orphans' court err by not finding that a resulting trust was established in decedent's favor in a Schwab account where she had been the sole contributor to the account and retained the right to withdraw the funds during her lifetime?

2. Did the orphans' court err by finding that Appellee had been gifted a 1/5th share in a Schwab account by the decedent even though Appellee was never aware of the account and denied signing the account agreement?

B. Did the orphans' court err by failing to recognize judicial admissions by the Appellee that—proceeds from the sale of decedent's home should be place[d] in her estate and Appellee was never aware of the account where the proceeds had been placed, as these admissions precluded her from claiming a 1/5th ownership in the proceeds?

Appellant's Brief at 4.

---

[1] The parties were not ordered to file Pa.R.A.P. 1925(b) statements of errors complained of on appeal.

[2] We note that at issue in the case *sub judice* are two Charles Schwab accounts, *viz.*, account number 8650-1118 ("Ex. 01") and account number 1845-0661 ("Ex. O2"). N.T. Objection to Account, 7/19/13, at Ex. 01, 02. Ex. 01 is held in the names of Decedent and Appellant as JTWROS. Ex. 02 is held in the names of the decedent and her four children as tenants in common.

Appellee raises the same issues as Appellant in her statement of questions involved suggesting the answer to each question is "no." Appellee's Brief at 4. Appellee raises an additional issue: "Did the orphans' court err by failing to find that the Schwab [JTWROS] should be included as an estate asset?" *Id.* Appellant as Appellee on Cross-Appeal frames the issue as follows:

> A. Did the orphans' court properly hold that the Schwab account titled jointly to the decedent and [Appellant] was properly excluded from the estate where no evidence was offered to rebut the account's registration or the MPAA's[3] presumption of a right of survivorship?

Appellant/Cross-Appellee's Brief at 1.

First, we consider whether the orphans' court erred in finding the tenants in common account was improperly included as an estate asset.[4] Appellant argues the orphans' court erred by not including the tenants in common account as an estate asset "because the decedent was the **sole** contributor to the account and retained the right to withdraw the funds during her lifetime," citing **Williams v. Funds of $1230**, 116 A.2d 266 (Pa. Super. 1955). Appellant's Brief at 11. He avers this constitutes competent

---

[3] Multiple Party Accounts Act, 20 Pa.C.S. § 6301, *et seq.* We note that "Chapter 63 of the Probate, Estates and Fiduciaries Code, 20 Pa.C.S.A. §§ 6301-6306 (Supp. 1993) (added by the Act of July 9, 1976, P.L. 547, No. 134, effective September 1, 1976) altered the law of this Commonwealth applicable to joint interests in bank accounts." **Pagnotti v. Old Forge Bank**, 631 A.2d 1045, 1047 n.2 (Pa. Super. 1993).

[4] The resolution of this issue is dispositive of the issues raised by Appellant.

evidence to rebut the presumption that tenants in common hold equal shares in the property. *Id.* at 11, 13. Appellant contends that he, "his brother, Maurice Swartz, and nephew, Brandon Swartz, as representative for deceased-brother, Jay Swartz, each acknowledged they were **not** equal 1/5th owners in the Schwab account."[5] *Id.* at 14. Therefore "it is locally

---

[5] Appellant refers to a document denominated "A-3" in which the aforementioned parties consented to the treatment of the tenants in common account as part of the estate. N.T., 7/29/13, at 118. Ex. A-3 contains three identical letters signed by Appellant, Maurice Swartz, and Brandon Swartz, stating as follows:

> On 11-16-2001 my mother, Anna Swartz, passed away. At the time of her demise she was listed as a Tenant in Common on Schwab account # 1845-0661.
>
> Please be advised that her ownership in this account is 96% and the remaining Tenants in Common have ownership of 1% each.
>
> The remaining owners are:
>
> Pearl MacKerchar
>
> Jay Swartz (Deceased)
>
> Edward Swartz
>
> Maurice Swartz
>
> Enclosed is a copy of LETTERS TESTAMENTARY on the Estate of Anna Swartz granted to Edward Swartz to administer the same.
>
> Enclosed is a copy of LETTERS TESTAMENTARY on the Estate of Jay Swartz granted to Brandon Swartz to administer the same.

impossible for Appellee to have been the **sole** 1/5th owner of the account."
*Id.*

Appellant claims the only reason the names of his siblings were placed on the account was "to create 'transparency' for his dealings with [the decedent's] money, as he was acting as her power-of-attorney." *Id.* at 14. Appellant avers he "would know the purpose behind placing the names of his siblings on the account since he is the one who did it." *Id.* Appellant contends the account was not owned in equal shares notwithstanding the Account Agreement which states: "**Tenants in Common** *If one owner dies, his/her interest passes to his/her estate (50/50, unless otherwise noted)*[.]" *Id.* at 14-15, citing N.T., 7/29/13, Ex. 02 at 2. Appellant argues "[t]his language is clearly meant only to explain the ordinary disposition of a tenants in common account at the death of one accountholder—that is, each accountholder is entitled to his percentage share in the account. Here, Appellee and her three brothers had **no** percentage share of ownership in the account." *Id.* at 15 (dashes omitted).

Our review is governed by the following principles.

> Our standard of review of an orphans' court's decision is deferential. When reviewing a decree entered by the Orphans' Court, this Court must determine whether the record is free from legal error and the court's factual

---

Distribution of assets should be made in accordance with the aforementioned ownership.

Ex. A-3.

findings are supported by the evidence. Because the Orphans' Court sits as the fact-finder, it determines the credibility of the witnesses and, on review, we will not reverse its credibility determinations absent an abuse of that discretion.

However, we are not constrained to give the same deference to any resulting legal conclusions. Where the rules of law on which the court relied are palpably wrong or clearly inapplicable, we will reverse the court's decree.

An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be . . . manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused.

*In re Estate of Strahsmeier*, 54 A.3d 359, 362-63 (Pa. Super. 2012) (citations omitted).

Tenancy in common is distinguished from joint tenants with right of survivorship.

When two or more persons hold property as JTWROS, title to that property vests equally in those persons during their lifetimes, with sole ownership passing to the survivor at the death of the other joint tenant. In contrast, a tenancy in common is an estate in which there is unity of possession but separate and distinct titles.

*In re Estate of Quick*, 905 A.2d 471, 490 (Pa. 2006) (footnote and citations omitted).

In *Estate of Allen*, 412 A.2d 833 (Pa. 1980), our Pennsylvania Supreme Court held that a JTWROS was terminated where one party acted in bad faith. *Id.* at 838. The *Allen* Court opined:

We conclude that the record supports no finding other than that James Allen Jr.'s withdrawal of the Fidelity account funds was in bad faith and was "for the purpose of depriving (testator) of any use thereof or title thereto." As such, his action terminated the joint tenancy, created **a tenancy in common**, and **one-half of such funds should properly have been included in decedent's estate**.

*Id.* (emphases added and citation omitted)

Instantly, as to the tenancy in common account, the orphans' court opined:

[Appellee] objects to the [Appellant's] inclusion of the full amount of a Charles Schwab account [,Ex. 02,]as an estate asset. This account, ending in 0661 as created in 2001 and held among the decedent and her four children as tenants in common. . . . [Ex. 02] is the Charles Schwab form, executed by all of the decedent's children . . . . This document specifically states that this account is to be held as tenants in common and explains that "[i]f one owner dies, his/her interest passes to his/her estate (50/50, unless otherwise noted)." Accordingly, as there are five co-tenants to this account, each person holds a 1/5th interest.

[Appellant] argues however, that there was an agreement in November of 2011 among the siblings, which supersedes the document admitted as [Ex. 02], to treat this account as owned 96% by the decedent and 4% by the siblings, with each sibling having a 1% interest. In support of this claim, [Appellant] offered [Ex.] A-3 as evidence of the agreement. **This [c]ourt does not find [Appellant's] claim credible**. [Ex.] A-3, as [Appellant] acknowledged during his testimony, only includes his signature, the signature of Maurice Swartz and the signature of Brandon Swartz as executor of Jay Swartz' estate. Notably absent is the signature of [Appellee] to this Agreement. As such, this Agreement is unenforceable as it is not executed by all the parties. . . . The account lists the value of the Charles Schwab account as $285,150.00. The decedent's 1/5th interest in this

account is $57,030.00. **The balance of the Schwab Account, in the amount of $228,120.00 was improperly included as an asset of the Estate** of Anna Swartz, and should be distributed in equal shares among the four children of Anna Swartz, $57,030.00 to each of the children, including the Estate of Jay Swartz.

Orphans' Ct. Op. at 2-3 (citations omitted). We agree no relief is due.

At the hearing, Appellant testified on cross examination, *inter alia*, as follows regarding the agreement marked Ex. A-3.

Q: Now, December 2011, after your mother died, you testified you had a family meeting and you presented to the Court Exhibit A-3, I believe. You, your brother, and your nephew signed off.

Do you recall that meeting?

A: Yes. Well, I had the meeting. The letters were sent after. At the meeting, we just—I said that I want consensus. Does everybody agree that we will follow the Will and the assets of my mother, and everybody agreed, including [Appellee].

\* \* \*

Q: And isn't it true that the three people you presented here under A-3 who were consenting to the treatment of this tenants in common account to be treated as part of the estate, that all three of them either benefited personally or their children benefited by agreeing to that.

A: You mean did they benefit any more?

Q: Correct.

A: No. It's all the same.

Q: Well, is that true? By agreeing to deal with it as an estate, does that mean the grandchildren were getting $5,000 each?

A: Or under the Will.

Q: Correct.

A: Okay.  They benefited in that regard.

Q: So your children, Maurice's children, Brandon got an extra $5,000 because of that also.

A: That's what my mother wanted. . . .

Q: Are you the one that chose to title the account as tenant in common?

A: I did it because she was driving me nuts.  Really, she was driving me nuts.

N.T. at 118-19.

The orphans' court did not find Appellant's claim to be credible.  We will not reverse the credibility determination of the orphans' court.  *See Strahsmeier*, 54 A.3d at 362-63.  The orphans' court properly concluded that the balance of the tenancy in common account, excluding the decedent's 1/5th share, was not an estate asset.  *Cf. Allen*, 412 A.2d at 838.  We discern no abuse of discretion in the orphans' court's finding that the tenancy in common account was improperly included as an estate asset. *See Strahsmeier*, 54 A.3d at 362-63; *Quick*, 905 A.2d at 490.

Lastly, Appellee argues the JTWROS account should have been included as an estate asset because the survivorship was not intended by the decedent at the time the account was created.  Appellee's Brief at 12. "The funds were solely the decedent's."  *Id.*  Appellee avers "[w]hen a new widow adds a child on to an account it is invariably for convenience in a time

of turmoil. The widow is not thinking of the ramifications of how an account is titled. She is not going to do tenants in common since it is her money. [JTWROS] is the only other option that a bank or broker offer." *Id.* at 13. Appellee argues she has presented clear and convincing evidence that survivorship was not intended by the decent at the time the account was created. *Id.* Thus, she avers the JTWROS account should have been included as an estate asset. *Id.*

In *Pagnotti*, this Court opined:

> Pursuant to the Pennsylvania Probate Estates and Fiduciaries Code, a joint account is defined as follows:
>
>> "Joint Account" means an account payable on request to one or more of two or more parties whether or not mention is made of any right of survivorship.
>
> Section 6304 of Title 20 creates a presumption that a bank account is a joint account with right of survivorship. The presumption can be overcome only by a presentation of clear and convincing evidence of a different intent. Specifically, 20 Pa.C.S.A. § 6304[6] provides the following:

---

[6] We note that the Probate, Estates and Fiduciaries Code, 20 Pa.C.S. §§ 6301-6306 was effective September 1, 1976. *See In re Estate of Myers*, 642 A.2d 525, 527 (Pa. Super. 1994) (common law governed property rights for multiple party accounts prior to enactment of Chapter 63 of the Code). Appellant's reliance on *Williams*, is therefore unavailing. In *Pagnotti*,

> the decedent and appellee owned a bank account. Following the decedent's death, appellant and appellee each claimed a right to the money in the account. Appellee claimed that the bank account, owned by decedent and appellee, was a joint account with right of survivorship. Appellee, therefore, asserted that the money remaining in the account following the death of the other

>Any sum remaining on deposit at the death of a party to a joint account belongs to the surviving party or parties as against the estate of the decedent unless there is clear and convincing evidence of a different intent at the time the account is created.

*Id.* at 1047-48.

The Pennsylvania Supreme Court opined:

>Indeed, the MPAA clearly evinces a legislative intent that joint accounts are to be generally governed and interpreted separate and apart from provisions governing wills. Section 6306 of the MPAA provides: "**No transfer resulting from the application of section 6304** (relating to right of survivorship) **shall be considered as testamentary** or subject to Chapter 21 (relating to intestate succession) or Chapter 25 (relating to wills)." 20 Pa.C.S. § 6306. The comment to section 6306 provides:
>
>>This section is derived from Section 6–106 of the Uniform Probate Code. The Commissioners' comment to that section states, in part, that:
>>
>>The purpose of classifying the transactions contemplated by [this chapter] as nontestamentary is to bolster the explicit statement that their validity as effective modes of transfers at death is not be determined by the requirements for wills. The section is consistent with [existing law].

---

owner of the account would pass by operation of law to appellee. Appellant argued that the bank account was owned by appellee and decedent as a tenancy in common, and, therefore, by operation of law, decedent's estate was entitled to half of the money remaining in the account following decedent's death.

*Pagnotti*, 631 A.2d at 1047. The *Pagnotti* Court opined that the "case can be . . . distinguished from *Williams* in that we are bound by 20 Pa.C.S.[ ] § 6301 *et seq*. which was codified after the filing of *Williams*, *supra*." *Id.*

20 Pa.C.S. § 6306, Jt. St. Govt. Comm. Comment—1976. . . .

Further, Section 6304(d) provides: "**Change by will prohibited.**—A right of survivorship arising from the express terms of an account or under this section, or a beneficiary designation in a trust account cannot be changed by will." 20 Pa.C.S. § 6304(d).

\* \* \*

[T]he MPAA rather clearly evidences a legislative intent that, except when the instrument explicitly provides to the contrary or in the unusual case based on a heightened degree of evidence, individuals and institutions may safely rely upon the presumed right of survivorship of MPAA joint accounts.

\* \* \*

**A joint tenancy with right of survivorship having been created** and not terminated at the death of one tenant, the law is too well settled to be gainsaid. The Orphans' Court properly held that **the funds passed outside the estate to the party having the right of survivorship**.

*Estate of Allen*, 488 Pa. 415, 412 A.2d 833, 838 (1980) (footnote omitted).

\* \* \*

[J]oint accounts with rights of survivorship are **typically created** as "**convenience accounts**" to allow caretakers to assist senior citizens with the management of their finances. "Like other testamentary devices, creation of a joint account, without more, accomplishes no present transfer of title to property. **If . . . one person deposits all sums in the joint account, this arrangement contemplates transfer of title to those funds to the other person or persons named on the account upon the death of the depositor**. . . .

*In re Novosielski*, 992 A.2d 89, 101, 102, 105 (Pa. 2010) (some citations and emphasis omitted and some emphasis added).

This Court in *In re Estate of Cella*, 12 A.3d 374 (Pa. Super. 2010) opined:

> Recently, the Supreme Court clarified certain concepts concerning the nature of joint accounts and the statutory presumption of survivorship generally, as well as the necessary quantum of proof to overcome that presumption and what effect if any the creation of a will has on that presumption. *In re Novosielski*, *supra*. First, the Court reiterated that joint accounts with rights of survivorship are typically created as "convenience" accounts; as such, a legitimately created joint account carries the statutory presumption of survivorship unless negated by the form of the account. The purpose of the presumption is to provide financial institutions with "the certainty and regularity required for the general course of human commerce" and to avoid "the protracted resolution of family disputes," as illustrated by the present conflict. Thus, **the opponent of the survivorship right has the burden to produce evidence "so clear, direct, weighty, and convincing** that the fact finder could without hesitation, come to a clear conviction that Decedent, in fact, had not intended" a right of survivorship regardless of how the accounts were created. **The proponent of the survivorship right, on the other hand, is not required to come forward with additional evidence of the decedent's intent at the time the account was created.**

*Id.* at 380 (some citations omitted and emphases added).

Instantly, regarding the JTWROS account, the orphans' court opined:

> [T]his account was opened on February 11, 1992 with the registration of joint tenants with rights of survivorship. The Account was titled in the names of the decedent and [Appellant/Cross-Appellee]. . . . In January 2012, when the funds were withdrawn from that account by [Appellant/Cross-Appellee], the funds totaled approximately $90,000.

- 14 -

> Under the MPAA, as the account was in joint names, [Appellant/Cross-Appellee] as the named survivor is entitled to the proceeds by right of survivorship. [Appellee/Cross-Appellant] did not introduce any evidence to overcome the presumption to which [Appellant/Cross-Appellee] is entitled under the Act. [Appellee/Cross-Appellant] simply failed to provide the [c]ourt any evidence to support her claim that the account should not be treated as a joint account.

Orphans' Ct. Op. at 7-8. We agree no relief is due.

Appellee/Cross-Appellant's contention that the JTWROS account was created for convenience is unavailing. ***See Estate of Cella***, 12 A.3d at 380. Appellee/Cross-Appellant's averment that "the funds were solely the decedents" is meritless. ***See Novosielski***, 992 A.2d at 105. Appellee/Cross-Appellant has not presented any clear and convincing evidence that the decedent did not intend to create a JTWROS account. ***See Pagnotti***, 631 A.2d at 1047-48. Thus, title to the funds in the account transferred to Appellant/Cross-Appellee, the survivor, at the death of the joint tenant. ***See Novosielski***, 992 A.2d at 105. Appellee/Cross-Appellant's argument that the account should have been considered an estate asset is meritless. ***See id.*** at 102. We discern no abuse of discretion or error of law by the orphans' court.[7] ***See Estate of Strahsmeier***, 54 A.3d at 362-63.

Order affirmed.

---

[7] We agree with the orphans' court's observation that no party has asked for an accounting of Appellant as agent. ***See*** Orphans' Ct. Op. at 8 n.3.

Judge Mundy joins the memorandum.

Judge Bowes concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/2015